CHRISTY A. WHITE *vs.* NONANTUM WORSTED COMPANY.

Middlesex.   Nov. 16, 1886. — March 23, 1887.   HOLMES & GARDNER, JJ., absent.

In an action for personal injuries sustained by the plaintiff while at work on a machine in the defendant's mill, there was evidence that the machine was constructed for carding wool, and when the fan was run in the manner indicated by the construction of the machine, the machine was safe, but when the fan was made to revolve in the opposite direction the machine was dangerous; that the plaintiff did not control the running of the machine; that he had never known the fan to be run in the wrong direction but once, and this was two days before the injury; that he examined the belting the day before, and found the fan running in the right direction; that he could not tell, from the place where he stood when attending to his duties, the direction of the revolution of the fan; that he had no notice or knowledge that, on the day of the injury, the fan was running in the wrong direction; and that no guard had been placed over the fan to protect the plaintiff from injury. *Held,* that there was evidence for the jury that the plaintiff was in the exercise of due care, and that the defendant was not.

TORT for personal injuries sustained by the plaintiff while at work upon a carding machine in the defendant's mill. Trial in the Superior Court, before *Mason*, J., who ruled that, upon the evidence, the plaintiff could not maintain the action, and directed a verdict for the defendant. The plaintiff alleged exceptions, which appear in the opinion.

*H. N. Allin & G. L. Mayberry*, for the plaintiff.

*Samuel Hoar*, for the defendant.

FIELD, J.    There was evidence that the machine was constructed for carding wool, and that, when the fan was run in the manner indicated by the construction of the machine, the machine was safe, but that when the fan " was diverted from its legitimate office, and made to revolve in the opposite direction," the machine was dangerous; that the plaintiff did not control the running of the machine; that he had never known the fan to be run in the wrong direction but once, and this was two days before the injury; that, the day before, he examined the belting and found the fan running in the right direction; that he could not tell, from the place where he stood when attending to his duties, the direction of the revolution of the fan; and that he had no notice, on the day of the injury, that the fan was running in the wrong direction. If the machine was run in an unusual and dangerous manner, and the plaintiff had nothing to do with this, and the danger was not apparent or known to him, the court cannot say, as matter of law, that the plaintiff was not in the exercise of due care because he had known the machine to have been run in this manner two days before.

There was evidence for the jury that the defendant had not exercised due care towards the plaintiff. The evidence was that the machine was used in an unusual manner, for which it was not designed; that it was dangerous when thus used; that no guard had been placed over the fan to protect the plaintiff from injury; that no notice had been given to him, on the day of the injury, that the fan was running in the wrong direction; and that the change in the direction of the revolution of the fan, which constituted the danger, was unknown to the plaintiff.

*Exceptions sustained.*