## JOHN MAHONEY *vs.* BAY STATE PINK GRANITE COMPANY.

Worcester.   September 29, 1903. — October 21, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Negligence*, Employer's liability.

A person employed in a stone quarry, who gave directions to twenty-two men employed there, sometimes discharged men, marked with chalk lines the places where drilling was to be done by the workmen, and never drilled himself, may be found to have been a superintendent whose sole or principal duty was that of superintendence within the meaning of the employers' liability act, although there was another superintendent of the whole business, who was not in the habit of staying at the quarry and sometimes did not come there for a whole day.

The proprietor of a stone quarry may be found to be liable to a workman in his employ injured by the slipping of a large stone on which the plaintiff was at work by order of the defendant's superintendent, drilling a line marked by the superintendent, if the slipping of the stone was due to the negligence of the superintendent in placing the stone in position by means of a derrick worked by two men under his direction, it having been the superintendent's duty to determine where and how the stone should be placed for work to be done upon it.

A workman in a stone quarry injured by the slipping of a large stone on which he was at work by order of the defendant's superintendent, drilling a line marked by the superintendent, may be found to have been in the exercise of due care, if the accident was caused by the negligence of the superintendent in placing the stone in position by means of a derrick, and the plaintiff was not present when the stone was put in position and his attention was not directed to the risk of its slipping. He might treat the direction to work upon the stone as an implied assurance that he could work there safely, from one who ought to know.

A workman in assuming the ordinary risks of his employment does not assume a risk caused by the negligence of a superintendent.

A workman in a stone quarry, obeying the order of a superintendent to get upon a large stone and drill a line marked upon it by the superintendent, does not assume the risk of an injury from the slipping of the stone caused by the negligence of the superintendent in placing the stone in position by means of a derrick when the workman was not present.

TORT, under the employers' liability act, for personal injuries received while working in the defendant's granite quarry at Milford.   Writ dated October 14, 1901.

At the trial in the Superior Court before *Hardy*, J., without a jury, the judge found for the plaintiff in the sum of $500. The defendant alleged exceptions.

*C. C. Milton & D. F. Gay*, for the defendant.

*J. W. Corcoran & W. B. Sullivan*, for the plaintiff.

KNOWLTON, C. J.   The defendant excepted to the refusal of the judge to make certain rulings requested.   The judge found for the plaintiff on the first count which charges an injury to the plaintiff caused by the negligence of Halligan, the defendant's superintendent, while the plaintiff was in the exercise of due care.   If there was any evidence to support this count, the rulings requested were rightly refused.

There was abundant evidence to warrant a finding that Halligan was a superintendent whose sole or principal duty was that of superintendence within the meaning of the statute.   There were about twenty-two men at work on the quarry at this place, and Halligan was the "boss" who was accustomed to give directions to all these men.   There was testimony that he had sometimes discharged men.   There was another superintendent of the whole business, but there was testimony that he was not in the habit of staying at the quarry, that sometimes he did not come for a whole day, and that "Halligan was the only man who gave directions."   Besides this, he was accustomed to mark with chalk lines the places where drilling was to be done, but he never drilled himself.   *Crowley* v. *Cutting,* 165 Mass. 436.   *Reynolds* v. *Barnard,* 168 Mass. 226.   *O'Brien* v. *Look,* 171 Mass. 36.   *Prendible* v. *Connecticut River Manuf. Co.* 160 Mass. 131.   *McCabe* v. *Shields,* 175 Mass. 438.

The evidence tended strongly to show that he was negligent in putting in position the stone on which the plaintiff was working at the time of the injury.   According to the plaintiff's testimony, this stone was about six feet square and about five feet high, and it must have weighed several tons.   The work was done with a derrick by two men who were acting under Halligan's direction, and who put the stone where he told them to put it.   Both of them testified that when it was put there one of them told him it was not all right.   According to one of the witnesses, the man at the derrick said, "There are a good many chips under the stone, and I don't think the stone is going to stay there," and that Halligan replied, "We will leave it there, swing your derrick around."   The bed of the quarry was somewhat sloping, and there were many chips of broken stone of different sizes lying upon it, and according to the evidence, these left the large stone in a sloping position.   Afterwards Halligan

ordered the plaintiff and two other men to get upon it and drill some lines which he had marked upon it. While they were at work at drilling, it slipped about fifteen feet and injured the plaintiff. The evidence tends to show that it was the duty of Halligan to determine where and how the stone should be placed for the work to be done upon it. So far as appears, he was the only person who had any duty or responsibility in regard to that. Apparently it would have been easy to prepare a place for it, on which it would have rested firmly. The judge might well find him guilty of negligence which caused the accident. *Malcolm* v. *Fuller*, 152 Mass. 160. *Dean* v. *Smith*, 169 Mass. 569. *Hennessy* v. *Boston*, 161 Mass. 502.

There was evidence from which it might be found that the plaintiff was in the exercise of due care. He was in the performance of his duty in obedience to Halligan's order. He was not there when the stone was put in position, and his attention was not directed to the risk of its slipping. According to the testimony, he could not see under the stone, although he might have known that there were some chips under it. It does not appear that it was possible for him to see the size and shape and quantity of the chips, so as to determine whether the stone was likely to slip. Primarily, it was not his duty to make a careful inspection of everything pertaining to the safety of the place where he was directed to work. He might well trust something to the superintendent. It was his primary duty immediately to obey Halligan's order to go upon the stone and drill the line.

Moving the large stones with a derrick and putting them in place to be finished was not in the line of duty of the men employed to drill. It was a part of the business which properly could only be done by their employer, or by the superintendent representing him. Interference of workmen in that department of the business might have been resented by the superintendent. It was the plaintiff's duty to work at drilling where he was told to work. Of course, if he knew of a danger that should be guarded against, he could not carelessly expose himself to it at his employer's risk, and if there was danger so obvious and so great that the exercise of due care would disclose it to him, and would show him that he ought to avoid it, he was bound to refrain

from improperly exposing himself; but he might treat the direction to work upon the stone as an implied assurance that he could work there safely, from one who ought to know.

In assuming the ordinary risks of the business he did not assume risks caused by the negligence of a superintendent. *Hennessy* v. *Boston,* 161 Mass. 502.    *Dean* v. *Smith,* 169 Mass. 569.    *Malcolm* v. *Fuller,* 152 Mass. 160.    *Crowley* v. *Cutting,* 165 Mass. 436.

*Exceptions overruled.*