## JOHN MURPHY *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Worcester.   October 5, 1904. — November 22, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, & BRALEY, JJ.

*Negligence,* Employer's liability.   *Railroad.*

A section foreman of a railroad company, having charge of a gang of five men whose duty it is to transfer freight from one car to another, while the foreman selects the cars that are to be unloaded and checks the freight as it is transferred, can be found to be a person intrusted with superintendence over the five men within the meaning of the employers' liability act.

In an action, by a freight handler against the railroad company employing him, for injuries from falling between two freight cars standing side by side on parallel tracks, while working as one of a gang of five in transferring freight from one car to the other, it appeared, that the freight was to be wheeled in trucks over a wooden brow connecting a loaded car with the empty one to which the freight was to be transferred, that one end of the brow had iron hooks, with a cleat on the under edge, while the other end of the brow was bevelled so that the loaded trucks could be wheeled upon it without concussion, that by mistake the brow was placed wrong end to, so that, instead of the bevelled end, the end with the hooks rested on the car to be unloaded and the surface of the brow at that end was two inches or more above the floor of the car, that one of the men discovering this was about to reverse the brow when the superintendent in charge of the work said "the brow is all right, let it alone," that the plaintiff, who was not present when the brow was adjusted, was ordered by the superintendent with the other men of the gang to unload the car, that after two or three loads had been taken out by the other men, the plaintiff went upon the brow pulling a heavily loaded truck after him, when the brow fell, throwing the plaintiff with his load between the cars and causing the injuries.  *Held,* that there was evidence of negligence on the part of the superintendent, and of due care on the part of the plaintiff, and that the plaintiff by using the brow under the orders of the superintendent did not assume the risk of injury from its being placed improperly.

A workman by his contract of service does not assume the risk of an accident caused by the negligence of a superintendent.

TORT, by a freight handler against the railroad company employing him, for injuries received in falling with a heavy load between two freight cars standing side by side on parallel tracks, when working as one of a gang of five in transferring freight from one car to the other, by reason of a wooden brow forming a bridge between the two cars slipping off at one end, while the plaintiff was upon it pulling after him a truck loaded with a

barrel of wire weighing about eight hundred pounds, with a first count at common law alleging that the defendant put the plaintiff to work in an unsafe and dangerous place, a second count under the employers' liability act alleging a defect in the ways, works or machinery of the defendant, and a third count under the same act alleging negligence of the defendant's superintendent.  Writ dated July 7, 1903.

In the Superior Court the case was tried before *Gaskill,* J. At the close of the evidence, the judge, by agreement of the parties, ordered a verdict for the defendant upon the first and second counts, and submitted the case to the jury on the third count.  The jury were unable to agree, and thereupon the judge ordered a verdict for the defendant on the third count. The plaintiff alleged exceptions.

*J. H. S. Hunt, E. H. O'Brien & J. A. Thayer,* for the plaintiff.

*A. P. Rugg,* for the defendant.

BRALEY, J.  The plaintiff finally relies on the third count of the declaration to sustain his cause of action, and the questions presented are whether there was any evidence of the defendant's negligence, or of the plaintiff's due care, which should have been submitted to the jury.

It appeared that Mulvaney was the section foreman of the defendant, having charge of a gang of five men including the plaintiff, whose duty it was under his instructions to unload, or transfer, freight from one car to another, while he selected the cars that were to be unloaded and checked the freight as it was transferred.

This was sufficient evidence for the consideration of the jury that he was intrusted by the defendant with superintendence over the plaintiff within the meaning of the statute, and for whose negligence it would be responsible.  *Mahoney* v. *New York & New England Railroad,* 160 Mass. 573.

In the performance of this work by the men a movable platform called a brow was placed between, and formed a bridge from one car to the other over which the freight was wheeled in trucks.  The brow in use at the time of the accident was provided with iron hooks at one end, with a cleat on the under edge.  These hooks were intended to stick into the floor of the car thus preventing the brow from slipping, while the opposite

end ran to a bevelled edge.   There was evidence that the usual way of using it was to place the end with hooks on the car to which the freight was to be wheeled otherwise the loaded truck striking against the raised end as it rested on the hooks might cause it to slide from the car.   When the brow used by the plaintiff had been placed in position, after the cars had been designated by Mulvaney, the raised end rested on the car to be unloaded and the surface of the brow at that end was two inches or more above the floor of the car.   Before any work had been done one of the men, discovering its situation, was about to reverse it when Mulvaney said " the brow is all right, let it alone," and because of this order no change was made.

The method of doing the work as well as when it should be done, were to be determined by Mulvaney, and it became his duty when he ordered the plaintiff, with the other men, to go to work unloading freight to use reasonable care to prevent his being exposed to the danger that the brow might slip from the car when struck by the loaded truck as it rose from the level of the floor of the car to the top of the brow.

It could have been found that reversing the brow would have placed it properly, and prevented it from slipping from this cause, as the bevelled edge would have been substantially on a level with the floor of the car which was being unloaded, and thus the accident would have been averted.   If this was not done because of the order then its dangerous position was due to him, and furnished evidence of his negligence.   *Dean* v. *Smith,* 169 Mass. 569.   *O'Brien* v. *Look,* 171 Mass. 36.   *Knight* v. *Overman Wheel Co.* 174 Mass. 455.

If the accident was caused by the negligence of the superintendent, this was a risk not assumed by the plaintiff under his contract of service.   *Davis* v. *New York, New Haven, & Hartford Railroad,* 159 Mass. 532, 536.   *Murphy* v. *City Coal Co.* 172 Mass. 324, 327.   *Mahoney* v. *Bay State Pink Granite Co.* 184 Mass. 287.

Nor can it be said as matter of law that by using the brow his conduct was such as to show either that he assumed the risk, or failed to exercise ordinary care.

He was not present when it was adjusted, and on being called went about his work in the usual way, and the accident

happened after two or three loads had been taken out by the other men, and the plaintiff was taking out his first load.

Moreover, the work was being prosecuted under the supervision of Mulvaney, whose orders he was to obey, and when directed by him to enter the car with his truck and take a load to the connected car, he had a right to infer that this order would not have been given if the connecting platform was not properly placed. How far these conditions when coupled with his previous experience can be held to have affected his conduct, which otherwise might have been found to be careless, was a question of fact. *White* v. *Nonantum Worsted Co.* 144 Mass. 276, 277. *Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155, 158. *Hennessy* v. *Boston*, 161 Mass. 502, 503. *Powers* v. *Fall River*, 168 Mass. 60, 65.

Both issues therefore under proper instructions should have been left to the determination of the jury.

*Exceptions sustained.*