JOHN MEAGHER *vs.* CRAWFORD LAUNDRY MACHINERY
COMPANY.

Suffolk.    January 18, 1905. — April 3, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Negligence,* Employer's liability.

If workmen are moving a heavy and long bar of iron over a rough uneven floor
and are using for this purpose too small a truck which has wheels only at one
end while in the building are four-wheeled trucks belonging to their employer
suitable for moving such bars, and if after the truck has stuck so that the work-
men cannot move it they are met by a superintendent who proceeds to take
charge of moving the bar using the insufficient appliance adopted by the men
instead of sending for a four-wheeled truck, and if the superintendent taking a
piece of board as a lever tries to lift one of the wheels of the truck out of a de-
pression in the floor and in so doing causes the truck to lurch and the bar to fall
in such a way that one of the handles of the truck flies around and strikes and
injures one of the workmen, the injured workman can recover from his employer
for the injuries thus caused if the jury find that the superintendent was negli-
gent and that the injured workman was in the exercise of due care.

A workman by his contract of employment does not assume the risk of accidents
caused by the negligence of the superintendent under whom he is working.

TORT under St. 1887, c. 270, § 1, cl. 1, 2, (R. L. c. 106, § 71,
cl. 1, 2,) for injuries sustained on August 31, 1900, while in the
employ of the defendant, the declaration being described in
the second paragraph of the opinion. Writ dated October 9,
1900.

At the trial in the Superior Court before *Fox,* J. the jury re-
turned a verdict for the plaintiff in the sum of $600; and the
defendant alleged exceptions, raising the questions stated by the
court.

*S. R. Jones,* for the defendant.

*W. M. Noble,* for the plaintiff.

BRALEY, J.    This is an action of tort to recover for personal
injuries received while in the employ of the defendant by reason
of a bar of iron slipping off a truck on which it was being moved
thereby causing the handle of the truck suddenly to fly around
and strike the plaintiff.

The declaration contained three counts. The first and second
alleged that the plaintiff was injured either by a defect in the

truck due to the negligence of the defendant, or the negligence of a person intrusted by it with superintendence over the moving of the bar, while the third charged the cause of the accident to be negligence of a person intrusted with and exercising superintendence, or whose sole and principal duty was that of superintendence.   Under the rulings given at the trial the counts for a defective truck need not be considered, as the case was submitted to the jury on the third count, who returned a verdict in favor of the plaintiff.

The defendant's exceptions as presented at the argument are really two, and we consider them in the order of their presentation.

It had become necessary to move a large iron tool called a "boring bar" which was some eight or ten feet long by ten inches in diameter, and used by the defendant in its business, from the premises of a tenant on the same floor of the building to those of the defendant, where it was to be used.   For this purpose a truck four feet or more in length, with two wheels in front, and having legs like an ordinary shipping truck behind, was used as a means of conveyance.   After the bar was loaded by the plaintiff and two of his fellow workmen, under instructions from one Holmes, another employee, and while in transit, but before reaching that part of the building occupied by the defendant, the truck sank into the floor, which was rough and uneven, and they were unable to move it further.   As they were endeavoring to start the truck, one Burgquist, the superintendent of the defendant, appeared, and it could have been found, although the witnesses differed as to the form of expression, that he inquired of Holmes, whom he had ordered to do the work and who up to this time had directed the moving of the bar, "What are you taking that for? . . . That is not what is wanted at all, but as long as you have got it on the truck, take it along now."   An attempt had been made previously to move the truck by attaching a rope to the axle, and a further effort having failed the superintendent then took charge, after which it was moved forward about fifteen feet, when it again stuck. There was evidence from which it could have been found, although denied by him, that the superintendent then took a piece of board and, using it as a lever, endeavored to lift one of the

wheels out of the depression, and that his action caused the truck to lurch and the bar to fall. While passing from the truck to the floor the bar struck and turned the handle, causing the plaintiff's injuries.

Nor is it any the less an act of superintendence on his part that he continued to use the means employed by the men who were then engaged in carrying out his original order than if from the beginning he had supervised the operation, as he had full authority to go on with the work, or get a suitable truck, or employ some other adequate way to move the bar.·

To move a heavy and long bar of iron of the kind described over a rough, uneven floor, so placed that by reason of the size of the truck it was insecure, and, if the truck were raised sufficiently to enable it to pass, there was a probability that the bar might roll off and come into contact with the men who were moving it, might be found to be improper and unsafe.

The superintendent, who was a witness at the trial, admitted that a truck with four wheels would have been better than the one which was being used; and it appeared that such trucks were furnished by the defendant and could have been used. He further testified that he considered the one used suitable for this purpose, but the jury were not required to accept his judgment. They could have found on all the evidence that a truck insufficient in size had been originally selected for the work, whereas, if a stronger and larger one had been taken, the bar would have rested securely while being moved; and that after the superintendent saw this method of transportation, instead of adopting some other and safer way he continued the work under the same faulty conditions.

It is strongly urged by the defendant that the act of the superintendent in raising the wheel was one of manual labor and not of superintendence, and, as it contributed to the injury, there can be no recovery.

But at the time he was actively engaged in fowarding the work, and the plaintiff and his fellow servants were under his immediate supervision. He was not engaged in working with the men in a common task of manual labor. When he had decided to make no change, but to proceed, his use of the lever was not an independent act of work with his hands, but a part

of the plan, or one of the conditions connected with his super-
intendence, and the moment of time taken for its performance
cannot be singled out for the purpose of saying that he was at
that instant a common laborer, although immediately before and
after he was clothed with the authority of his superior position.
*O'Brien* v. *Look,* 171 Mass. 36, 41.    *Joseph* v. *George C. Whit-
ney Co.* 177 Mass. 176, 177.    *Roche* v. *Lowell Bleachery,* 181
Mass. 480, 482.

It must therefore be held that the ruling requested "That
there is no evidence to go to the jury that the accident was
caused by an act of superintendence" could not have been
granted, and the ruling given that the question whether the
accident was caused by reason of the negligence of a person in
the exercise of superintendence was properly left to the jury to
determine.

Neither can it be said that the plaintiff assumed the risk of the
negligence of the superintendent, or as matter of law was not
in the exercise of due care.    Upon the superintendent taking
control the plaintiff well might rely on his personal supervision
as an assurance that the way in which the bar was being moved
was reasonably safe, although he could not for this reason dis-
regard obvious dangers, or unsafe conditions with which he was
acquainted.

But there is nothing in the evidence to show that the plaintiff
from his previous knowledge or experience knew, or had reason
to apprehend, that the bar was insecurely placed, and if it fell
might cause the handle of the truck to strike him, and the ques-
tion of his due care was rightly submitted to the jury.    *Meehan*
v. *Holyoke Street Railway,* 186 Mass. 511.

The further argument of the defendant that the plaintiff as
incidental to his employment assumed the risk of injury from
the superintendent's negligence is untenable.    If this were so,
the superintendent would be a fellow servant as at common law,
and one of the principal objects of the St. of 1887, c. 270, § 1,
cl. 2, abolishing this defence in actions under the act would be
defeated.    *Mahoney* v. *Bay State Pink Granite Co.* 184 Mass.
287, 290.    *Murphy* v. *New York, New Haven, & Hartford Rail-
road, ante,* 18, 20, 21.    *Rapson* v. *Leighton, ante,* 432.

*Exceptions overruled.*