JACOB BRAUNBERG, Respondent, *v.* MAX SOLOMON, Appellant.

*Negligence — injury from the act of a foreman in directing an employee to use a'' cloth-cutting machine upon a table not suited to its use — in so doing the foreman acts, at common law, as a fellow-servant — the master is liable under the Employers' Liability Act — an objection that the complaint did not bring the case within that act cannot be first raised on appeal.*

In an action brought to recover damages for personal injuries, sustained by the plaintiff while employed by the defendant in the operation of a cloth-cutting machine which was designed to be used on a table having a perfectly smooth surface, it appeared that just prior to the accident the plaintiff was directed by the foreman to go from a table having a perfectly smooth surface to another table, and to cut a pile of silk placed thereon; that while he was engaged in performing this task he received the injuries for which he sought to recover, as a consequence, as claimed by him, of the jumping or jolting of the machine, caused by the uneven surface of the table. The table at which the accident happened was not designed for use with the cutting machine, but with knife and shears.

*Held,* that in directing the plaintiff to work upon the table at which the accident happened, the foreman acted as a fellow-servant of the plaintiff, and not as the *alter ego* of the master, and that, as it was not claimed that the foreman was incompetent, the master was not liable at common law for the injuries sustained by the plaintiff;

That under subdivision 2 of section 1 of the Employers' Liability Act (Laws of 1902, chap. 600) the foreman, however, was not a fellow-servant, and that, as the case was tried upon the theory that the action was brought under the provisions of the Employers' Liability Act, it was properly submitted to the jury;

That the defendant could not raise for the first time upon appeal the objection that the complaint did not state facts sufficient to bring the case within the Employers' Liability Act.

APPEAL by the defendant, Max Solomon, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Richmond on the 16th day of March, 1904, upon the verdict of a jury for $2,750, and also from an order entered in said clerk's office on the 21st day of March, 1904, denying the defendant's motion for a new trial made upon the minutes.

*Theron G. Strong,* for the appellant.

*George M. Pinney, Jr.* [*Eugene I. Yuells* with him on the brief], for the respondent.

MILLER, J.:

The plaintiff, an employee of the defendant, was injured by reason of his little finger coming in contact with a revolving knife in a cloth-cutting machine which he was operating. The machine, whose base was a smooth, circular disc, was operated by being shoved along the cutting table by hand, the revolution of the knife being produced by a current of electricity introduced by a wire attached to the machine. The machine was designed to be operated on a table having a perfectly smooth surface, and such tables were supplied by the defendant, the plaintiff prior to the accident having been accustomed to work upon such a table. Just prior to the accident he was directed by the foreman to go to another table and cut a pile of silk placed thereon, and while engaged in doing so received the injury, as he claims, by reason of the jumping or jolting of the machine caused by the uneven surface of the table, and, as claimed by the defendant, by reason of his lifting the machine from the table without turning off the electricity.

The table at which the accident happened was not designed for use with the cutting machine, but with knife and shears. The court submitted the case to the jury to say whether there was negligence on the part of the defendant in sending the plaintiff to work upon this table with an unguarded machine, holding that, so far as the absence of a guard itself was concerned, the plaintiff assumed the risk. Assuming that the act of the foreman in directing the plaintiff to work upon this table was the act of the master, the case was fully and fairly submitted to the jury by the learned trial judge; the requests to charge which were refused other than as charged were fully covered by the main charge so far as they were applicable to the facts of the case, both as to the plaintiff's contributory negligence, his assumption of risk and the defendant's negligence; no errors were committed prejudicial to the defendant; the character of the wound tended strongly to corroborate the plaintiff's version, and the verdict cannot be said to be against the weight of evidence.

The serious and sole question presented by this record is, was the act of the foreman in directing the plaintiff to work upon this table the act of the master, because concededly the master had furnished a suitable and proper table, but by direction of the foreman the

work was done upon a table designed for a different purpose. In doing this, was he a fellow-servant or the *alter ego* of the master? Originally the master had discharged his duty by furnishing proper appliances; the work became dangerous because of the manner in which the foreman directed it to be done. Applying the test to determine whether or not the foreman was a fellow-servant that the character of the act and not the grade of the servant is to determine the question, what duty did the master owe the plaintiff in respect to the act in the performance of which the injury arose? Simply that of furnishing a safe place, and, to that end, reasonably safe and proper appliances. The duty of furnishing reasonably safe machinery had been discharged; the injury resulted because the plaintiff by direction of the foreman used a table not unsafe when used for the purpose intended, but unsafe for the particular use to which it was put. In respect to the foreman the master owed the duty of furnishing a competent fellow-servant, but no question is raised as to his competency. Did the master owe the duty of directing the plaintiff to the end that he should not use a tool designed for another purpose? Or, to put it in another way, is a foreman in directing the manner of the performance of work discharging any duty which the master owes? This question seems to have been settled adversely to the plaintiff's contention by a long line of decisions in the court of last resort in this State. (*Crispin* v. *Babbitt*, 81 N. Y. 516; *Loughlin* v. *State of New York*, 105 id. 159; *Cullen* v. *Norton*, 126 id. 1; *Crown* v. *Orr*, 140 id. 450; *Keenan* v. *N. Y., L. E. & W. R. R. Co.*, 145 id. 190; *Perry* v. *Rogers*, 157 id. 251; *Di Vito* v. *Crage*, 165 id. 378; *Maltbie* v. *Belden*, 167 id. 307.) I am unable to distinguish the cases cited from the case at bar.

And the question remains whether the pleadings and proof bring the case within the so-called Employers' Liability Act, and whether that statute has changed the rule involved. Subdivision 2 of section 1 of chapter 600 of the Laws of 1902 undoubtedly has changed the rule of *Crispin* v. *Babbitt* (*supra*), and, therefore, the foreman, in the case at bar, was not a fellow-servant, and his negligence was that of the master.

The appellant raises the question on this appeal that the complaint does not allege facts sufficient to establish statutory liability;

the complaint should have alleged facts showing that the injury resulted by reason of the negligence of a person exercising superintendence; but no question was raised on the trial as to the sufficiency of the pleadings. The case was tried on the theory of a statutory liability because the notice provided by section 2 of the Employers' Liability Act was proved, and the only objection to its receipt was that it was "not in compliance with the statute so far as stating the cause of the alleged injury." This objection was not good, as the notice was, in my opinion, a sufficient compliance with the statute. Neither by motion at the opening of the case, by any objection to the admission of evidence, nor by the motion for a nonsuit, was the point raised as to the sufficiency of the complaint to state a cause of action under the statute. The action may, therefore, be treated as one under the statute, and, treated as such, the case was properly submitted to the jury.

The judgment and order appealed from should be affirmed, with costs.

Present — BARTLETT, JENKS, HOOKER, RICH and MILLER, JJ.

Judgment and order unanimously affirmed, with costs.