# THE

# New York Supplement

## VOLUME 98.

### AND

# New York State Reporter,

## VOLUME 132.

---

(112 App. Div. 202)

### SMITH v. MANHATTAN RY CO.

(Supreme Court, Appellate Division, First Department. April 6, 1906.)

1. MASTER AND SERVANT—INJURY TO SERVANT—OBVIOUS DANGER.

The danger of an employé receiving an electric shock while clearing snow from an elevated railroad with an iron shovel, in consequence of the same coming in contact with the electrically charged third rail and another iron connected with the track, thereby producing a short circuit, is not an obvious danger, and is one which a layman is not likely to know unless specially instructed, or unless he happened to observe the effect.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 310, 316½, 610–618.]

2. SAME—NEGLIGENCE OF EMPLOYER—QUESTION FOR JURY.

In an action for injuries to an employé, evidence considered, and held, that the question whether the employer was negligent in failing to furnish the employé with a wooden shovel instead of an iron one, with which to clear snow from an elevated railroad, or in failing to instruct him as to the danger of striking the shovel against the third rail and another piece of iron on the track, was for the jury.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 1046, 1047.]

3. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Whether the employé was guilty of contributory negligence held for the jury.

4. SAME—ASSUMPTION OF RISK—QUESTION FOR JURY.

The question whether the employé assumed the risk held for the jury.

5. APPEAL—RESERVATION OF GROUNDS OF REVIEW—HYPOTHETICAL QUESTIONS.

Where, in a personal injury action, the evidence showed that molten iron was precipitated into plaintiff's eye, the error in allowing a medical

98 N.Y.S.—1

expert to testify in answer to a hypothetical question based on molten lead being precipitated into the eye was not reversible error; the attention of the court not being called to the fact that the question assumed that the metal was lead.

Appeal from Appellate Term.

Action by Alexander Smith against the Manhattan Railway Company. From a judgment of the Appellate Term (95 N. Y. Supp. 529), reversing a judgment of the City Court in favor of plaintiff, he appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN, and HOUGHTON, JJ.

Frank V. Johnson (Max S. Bevins, on the brief), for appellant.
Sherrill Babcock (Alfred E. Mudge, on the brief), for respondent.

LAUGHLIN, J. On the 29th day of December, 1902, the plaintiff, while in the employ of the defendant, and engaged in shoveling snow off the track and from around the rails with a shovel having a wooden handle and an iron scoop or bowl, pursuant to the direction of his foreman, touched the iron bowl of his shovel against the third rail, which conveys the current of electricity by which the trains are run, known as the "positive pole," and at the same time brought it in contact with a bolt projecting from a tie which communicated with the earth, which is the negative pole, thus bringing the positive and negative poles together, and thereby causing a short circuit, resulting in an explosion and flash which burned him and injured one of his eyes. This action is brought to recover for the damages thus sustained.

The learned Appellate Term by a majority vote reversed the judgment and order denying a motion for a new trial, and in the opinion placed the decision upon the ground that plaintiff voluntarily assumed the risk of injury from using the iron shovel as he used it. We are unable to agree with the learned Appellate Term. The plaintiff was a member of the electrical repair gang, and had worked in that capacity nearly six months. When snow fell which impeded the work of the repair gang, it was the duty of the members thereof to remove the snow. Plaintiff had assisted in such work before, but with a broom, and not with a shovel. He knew that the third rail conveyed a current of electricity, but, according to his testimony, he was not familiar with short circuits, and did not know what would produce a short circuit, or that one would be produced by an iron surface coming in contact at the same time with the third rail and a projecting bolt, and he had not been instructed on that point. He testifies, and in this he is corroborated, that he was specifically directed by the foreman to use the shovel with an iron blade and wooden handle, and to do the particular work at which he was engaged when he sustained the injuries. He understood—and the undisputed evidence shows it to be a fact—that there was ordinarily no danger in touching the third rail. The only danger was in touching it with iron which at the same time touched another iron connected with the ground. The evidence shows that no injury would result from bringing even an iron shovel in contact with the third rail so long as it did not at the same time come in contact with another iron connected with the track. This was not an obvious danger.

It was one which a layman would not be likely to know or discover un-less specially instructed, or unless he happened to observe the effect. See Hall v. U. S. Radiator Co., 52 App. Div. 90, 64 N. Y. Supp. 1002; Davidson v. Cornell, 132 N. Y. 228, 30 N. E. 573; Kain v. Smith, 89 N. Y. 375. According to the testimony of the plaintiff, he was in-structed to be careful, but he was not warned of this danger, and he had not discovered it by observation. It seems that wooden shovels or brooms which were used for removing the snow from the rails are nonconductors, and that rubber gloves were worn to prevent a shock; but while the plaintiff doubtless knew that wooden shovels and rubber gloves were sometimes used, he did not, according to his testimony, know the reason why they were thus employed. The foreman of the defendant over plaintiff was familiar with this danger, and testifies that he warned plaintiff and the other members of the electrical repair gang thereof. Manifestly, it was the duty of the defendant to furnish plaintiff with a broom or a wooden shovel, especially in the absence of instructions as to the danger of causing a short circuit. See Gates v. State, 128 N. Y. 221, 28 N. E. 373; Brennan v. Gordon, 118 N. Y. 489, 23 N. E. 810, 8 L. R. A. 818, 16 Am. St. Rep. 775; McHugh v. Man-hattan Ry Co., 179 N. Y. 378, 72 N. E. 312; Braunberg v. Solomon, 102 App. Div. 330, 92 N. Y. Supp. 506; Pantzar v. Tilly Foster Iron Mining Co., 99 N. Y. 368, 2 N. E. 24. The jury were justified in finding that the foreman directed plaintiff to use the iron-bladed shovel without furnishing him gloves, or informing him how a circuit might be pro-duced, or warning him of the danger of injury therefrom. The ques-tions, therefore, of plaintiff's contributory negligence and assumption of the risk and of defendant's negligence were for the jury. See sec-tion 3 Employers' Liability Act; Rosin v. Lidgerwood Mfg. Co., 89 App. Div. 245, 86 N. Y. Supp. 49; Ward v. Manhattan Ry. Co., 95 App. Div. 437, 88 N. Y. Supp. 758.

It is claimed that the court erred in allowing a medical expert to testify in answer to a hypothetical question that the injury to plain-tiff's eye might have been caused by molten lead. There was evidence that the metal precipitated into his eye was molten iron, not lead. The hypothetical question was objected to generally on the ground that it assumed facts not proven; but the attention of the court was not called to the fact that the question assumed that the metal was lead, whereas the evidence did not disclose the nature of the metal. It is manifest that this was an inadvertence, and that the injury did not depend upon whether the metal was lead.

We have considered the evidence relating to the question of damages, and are of opinion that the verdict was not excessive. It follows, there-fore, that the determination of the Appellate Term should be reversed, with costs, and that the order and judgment of the City Court should be affirmed, with costs. All concur.