ALFRED LAMMI *vs.* MILFORD PINK GRANITE QUARRIES.

Worcester.　September 30, 1907. — October 15, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability.

At the trial of an action under R. L. c. 106, § 71, cl. 2, by an employee in a stone quarry against his employer for injuries alleged to have been received by reason of negligence on the part of the superintendent who had general charge of the defendant's business, there was evidence tending to show that a stone weighing about five tons was lifted by the direction of the superintendent from the pit in the quarry and was placed in the pattern yard upon a quantity of loose stone chips which had accumulated upon the bed of the yard, a sloping surface of solid rock, where it remained for a week or ten days before the accident, and that the superintendent stood within ten yards of the stone as it was being placed ;

that, later, the superintendent directed the plaintiff with other workmen to remove a log which lay on the sloping bed of the yard near the lower side of the stone, that while the men were moving the log and the plaintiff was between it and the stone and the superintendent was standing by within ten feet, the stone slipped and caught the plaintiff's foot, causing his injury. *Held*, that there was evidence of negligence on the part of the superintendent in permitting the stone to be placed as it was and to remain as it did, and in directing the plaintiff to work below it without giving directions and taking precautions for his safety.

At the trial of an action by an employee in a stone quarry against his employer for personal injuries, there was evidence warranting a finding that the plaintiff was injured by a large stone's slipping upon him while he was attempting, under direction of the superintendent in general charge of the quarry, to remove a piece of wood lying on a slope below the stone, and that, owing to negligence on the part of the superintendent, the stone had been placed on an accumulation of stone chips upon a sloping surface, that, until he went to work in the pattern yard a short time before the accident, the plaintiff had worked only at drilling in the pit of the quarry and that he never had seen a stone slip in the pattern yard. *Held*, that there was evidence warranting a finding that the plaintiff was in the exercise of due care, as he was acting in obedience to orders and was warranted in trusting to the experience and authority of the superintendent; and, *also*, that the plaintiff did not assume the risk of injury due to the negligence of the superintendent.

TORT under R. L. c. 106, § 71, cl. 2, for personal injuries alleged to have been suffered by the plaintiff, an employee of the defendant in a stone quarry. Writ in the Superior Court for the county of Worcester dated December 21, 1905.

There was a trial before *Gaskill*, J. At the close of the evidence, the defendant requested that the jury be instructed to return a verdict for it. The presiding judge refused the request, and the defendant excepted.

The material facts are stated in the opinion.

The case was submitted on briefs.

*F. B. Smith, T. H. Gage, Jr., & F. F. Dresser*, for the defendant.

*W. A. Pew, Jr., & D. F. Gay*, for the plaintiff.

KNOWLTON, C. J. The plaintiff, while working in a quarry, was injured by a large stone which slipped, and slid against his leg and foot. The questions before us are whether there was evidence of negligence of the defendant's superintendent and of due care on the part of the plaintiff in their relations to the accident.

The stone weighed about five tons. It was in the pattern yard of the quarry, a short distance from the edge of the pit out of which it had been raised by a derrick. At the place where

it rested, the bed of the yard was a sloping surface of solid rock, and upon it was a quantity of loose stone chips, of different sizes from small fragments to pieces nearly two feet in diameter. Chips were cleared off and carried away from time to time, but at the time of the accident they had accumulated to a considerable depth. One Peavy was a superintendent, having general charge of the business, and spending a considerable portion of his time in that part of the quarry. The evidence tended to show that the stone was taken out of the pit by Peavy's direction, that he was within ten yards of it when it was lifted upon the chips in the pattern yard, and that it remained in the same place a week or ten days before the accident, during which period Peavy was frequently there. He ordered the plaintiff and three other men to get a stick or log which lay near the lower side of the stone, and use it for a fender for a stone that other men were raising from the pit. The other men working with the plaintiff lifted one end of the log away, so that it lay at an angle of about thirty-five de- grees with the side of the stone, and the plaintiff undertook to lift the log while standing between it and the stone. The stone slipped and caught his foot and broke his leg. Peavy was stand- ing within ten feet while the work was going on. There was no testimony that any one touched the stone, in the attempt to move the log, or did anything different from that which might have been expected in moving the log.

We are of opinion that the jury properly might find the superintendent negligent in allowing the stone to be placed and to remain a long time on this sloping bed of stone chips, where it might slip and slide from a slight disturbing cause, or possibly without any visible disturbance. The work of removing the log which lay at its side would be likely to disturb the bed of chips, and the jury might have found that, when the superin- tendent directed the four men to remove it, he should have given directions or taken precautions for their safety. The condition of the yard in reference to provision for the safety of the men working there was under his supervision and control. He was charged with a duty in regard to it, and while many details of the work properly could be entrusted to servants, he could not shut his eyes to conditions and results which were within his observation, or which he might know with the exercise of reason-

able care.   While the evidence of negligence in the present case may not be so strong as in *Mahoney* v. *Bay State Pink Granite Co.* 184 Mass. 287, the two cases are much alike, and the same principles are applicable to both.   We are of opinion that there was evidence for the jury on this branch of the case.

We are also of opinion that the question whether the plaintiff was in the exercise of due care was rightly submitted to the jury.   Until a short time before the accident, when he came to work for the defendant, the plaintiff's only experience in quarries had been in drilling in the pit, and he testified that before the accident he had never seen a stone slip in the pattern yard.   He properly might trust something to the experience and authority of the superintendent, and he was acting in obedience to orders. *Meagher* v. *Crawford Laundry Machinery Co.* 187 Mass. 586. While he assumed the ordinary risks of the business, he did not assume the risk of injury from the negligence of the superintendent. *Mahoney* v. *Bay State Pink Granite Co., ubi supra.*

The exception to the admission of the testimony of the plaintiff's expert has not been argued by the defendant.

*Exceptions overruled.*