## WILLIAM CONNOLLY *vs.* EDWARD S. BOOTH.

Suffolk.    March 4, 5, 1908. — May 20, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* Employer's liability.

In an action by a workman against a stevedore by whom he was employed, for injuries incurred while assisting to unload iron girders or beams from the hold of a vessel, from a beam falling upon him after it had been lifted out of the vessel and was being moved across the wharf on trucks, it appeared that the beam in being lowered from the ship had fallen flat upon the wharf and that it was necessary to move it to a place where it was to be deposited, that it might have been moved safely by a "bogie" or platform truck, that instead of that the superintendent appeared and ordered the men "to go to one end of the beam, and pick it up with trucks," that in obedience to this order the men took common hand or baggage trucks with projecting blades, which they gradually inserted under the beam until they raised and lifted it upon the trucks, that the superintendent then directed them "to shove it along," that accordingly the beam was wheeled to where it was to be deposited, that during this time the plaintiff had held the handles of a truck, but that when the beam was about to be deposited his place was taken by the superintendent, who ordered him to help lift or turn the beam over, that in obedience to this command the plaintiff took a position near the centre of the beam where he stood between two trucks, that he stooped over, placed his hands under the edge and lifted, but, while the beam was being turned or lifted over the wheels, its weight so pressed upon the blades that it caused the truck, of which the superintendent held the handles, suddenly to recoil, and the beam fell upon the plaintiff, causing his injuries. There was evidence on which the jury could have found that the "bogie" trucks previously used for moving this class of freight were without handles or blades and were much more suitable for this purpose, and that if the beam had been raised, by the use of a boom ordinarily used for the purpose or by the men themselves, upon a "bogie" truck, and then had been wheeled away in the usual manner, the accident would not have happened. It did not appear that the plaintiff ever had been called upon previously to assist in lifting a beam that had fallen. *Held,* that there was evidence for the jury that the plaintiff's injuries were caused by the negligence of the defendant's superintendent while exercising superintendence, and that the superintendent by momentarily

holding the handles of the truck whose rebound caused the beam to fall did not cease to be such superintendent; *also*, that the plaintiff, in performing his work under the immediate supervision and express commands of the superintendent, had a right to rely on the assumption that a reasonably safe method for depositing the beam had been adopted and that while he was in a position where it was impossible for him to observe all the details of the situation the superintendent would take suitable precautions for his protection.

A workman does not assume the risk of injuries caused by the negligence of a superintendent of his employer whom it is his duty to obey and upon whose judgment as to the method to be adopted when an emergency arises he has the right reasonably to depend.

TORT by a workman against a stevedore by whom he was employed for personal injuries incurred on July 29, 1903, in the manner described in the opinion, with counts at common law and under the employers' liability act. Writ dated October 31, 1903.

In the Superior Court *Harris*, J., at the close of the plaintiff's evidence ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*W. B. Grant*, (*J. T. Cassidy* with him,) for the plaintiff.

*J. Lowell & J. A. Lowell*, for the defendant.

BRALEY, J. The plaintiff while assisting to unload iron girders or beams from the hold of a steamship, had the toes of one foot broken, and lost a finger by a beam falling on him after it had been lifted out and was being moved across the wharf on trucks. A verdict having been ordered for the defendant at the close of the plaintiff's evidence, the ruling now is said by the defendant to have been right, as there was no evidence at common law of the defendant's negligence, or, if the foreman who could have been found to have been acting as superintendent was at fault, his carelessness was the act of a fellow servant, rather than that of a representative of the defendant under R. L. c. 106, § 71, and that, if these defenses are unavailing, then as the danger of injury from the method and appliances used in handling the beam were obvious, the plaintiff must be held to have assumed the risk.

Upon recurring to the evidence, it appears, that in lowering the beam from the ship, the rope of the fall slipped from the top of the swinging boom, and the beam fell flatwise upon the wharf. If the rope had worked properly, the beam, which was of large dimensions, would have been lowered on to a bogie,

or platform truck, by which it easily could have been moved and unloaded. But before any directions for its removal had been given by the foreman of the gang, of which the plaintiff was a member, the superintendent appeared, and directed the men " to go to one end of the beam, and pick it up with trucks." In obedience to this order, the men took common hand or baggage trucks with projecting blades, which they gradually inserted under the beam until they raised and lifted it upon the trucks, when the superintendent having further directed them " to shove it along," the beam then was wheeled to where it was to be unloaded. During transportation, the plaintiff held the handles of a truck, but when about to unload, he was relieved by the superintendent, who ordered him to help lift or turn the beam over. In obedience to this command, the plaintiff took a position near the centre, where he stood between two trucks, stooped over, placed his hands under the edge, and lifted, but while the beam was being turned or lifted over the wheels, its weight so pressed upon the blades as to cause one of the trucks suddenly to recoil, when the beam fell upon the plaintiff. It further appeared, or the jury would have been warranted in finding, that the bogie trucks previously used for moving this class of freight were not only without handles, or blades, but much more suitable for this purpose. They further could find, that if the beam had been raised by the use of the boom, or by the men on to a bogie truck, and then wheeled away in the accustomed manner, this would have been a more feasible and safer method than the one employed, and if it had been adopted, the plaintiff would not have been injured. At common law, under these conditions, if the defendant had been personally present directing the work, the question whether his conduct was negligent would have been for the jury to decide. *Haley* v. *Case*, 142 Mass. 316. By the operation of the statute the defendant is made responsible for the acts of the superintendent, who in their performance still remained his representative, even if, while exercising superintendence, he momentarily held the handles of the truck, whose rebound caused the beam to fall. *Feeney* v. *York Manuf. Co.* 189 Mass. 336. *Meagher* v. *Crawford Laundry Machinery Co.* 187 Mass. 586, 589, and cases cited. In performing his work under the immediate super-

vision and express commands of the superintendent, the plaintiff, who is not shown to have been previously called upon to assist in lifting a beam which had fallen while passing from the ship to the wharf, had the right to rely upon the assumption, that a reasonably safe course had been taken in reloading, and that, while in a position where necessarily he could not fully observe all the details, suitable precautions for his protection would be observed by his superior. It would emasculate the statute, to say, that an employee so situated voluntarily assumes the risk of the negligence of those whom he contracts to obey, and upon whose judgment as to methods when an emergency arises in the performance of his usual duties, he has the right within reasonable limits to depend. *Meagher* v. *Crawford Laundry Machinery Co.* 187 Mass. 586, 589, and cases cited. If the plaintiff had failed to prove a cause of action under the counts at common law, as the evidence does not reveal any defect in the wharf or the appliances furnished, he was entitled for the reasons stated to go to the jury upon the statutory count, for negligence of the superintendent. *Meagher* v. *Crawford Laundry Machinery Co., ubi supra.*

*Exceptions sustained.*