CATHERINE BEAGLE, ADMINISTRATRIX, DEFENDANT IN ERROR, v. LEHIGH AND WILKES-BARRE COAL COMPANY, PLAINTIFF IN ERROR.

Submitted December 11, 1911—Decided March 4, 1912.

1. At the trial of a suit against an employer for negligence in causing the death of an intestate, represented in the action, brought under the second subdivision of section one of the Employers' Liability act of 1909, the evidence warranted the jury in finding that he was killed (under the circumstances narrated in the following opinion) through the negligence of W., an employe—who was exercising superintendence, and whose principal duty was that of superintendence of the employer's work of running coal cars to a coal dump—in sending down a loaded car so that it collided with great violence, with an empty car upon which the deceased was stepping (who was himself in the exercise of reasonable care at the time), and threw him down under the car wheels; and it was *held* that the finding of the jury that W. was a superintendent within the meaning of the subdivision in question, and that his negligence was imputable to the defendant. was proper.

2. The act of 1909 is remedial of the common law and should be liberally construed. It enlarges the range of the liability of the employers of labor for injuries happening to an employe through the negligence of the former, and grants rights of action to an employe against his employer for the negligence of persons having limited power to represent him, and which could not arise under, and are beyond the reach of, the common law.

On error to the Supreme Court.

For the plaintiff in error, *George Holmes* and *George H. Large.*

For the defendant in error, *William C. Gebhardt.*

The opinion of the court was delivered by

VREDENBURGH, J.   This suit was brought by the legal representative of John Beagle, deceased, to recover from the coal company the pecuniary loss sustained by his next of kin consequent upon his death from injuries received while working in the company's employ upon its premises at Hampton, New Jersey.

The evidence at the trial below justified the jury in finding the material facts to be as follows:   The intestate had been engaged, with other employes, in March, 1910, unloading coal from one of the company's coal cars that had been run down over its railroad tracks and placed upon its coal dumps, or pockets, for the purpose of being emptied therein. The men had just finished unloading the car, and had started to leave it for the purpose of emptying another car of coal which was ready to take its place upon the dump when the accident happened.   The loaded car stood upon the track a short distance away, and when the brakes upon it were released by the men, it came down grade by gravity to the dump; its movement and running was under the immediate orders of the defendant's employe, named · Whitehead, who gave signals to the men to send down the loaded car to be emptied; the deceased, while in the exercise of reasonable care, was in the act of stepping from the empty car in order

to continue his work when the loaded car, sent down by Whitehead, bumped the empty car so violently that the decedent was thrown down by the concussion upon the railroad tracks beneath the cars and was crushed so that he died in consequence the next day; that Whitehead's principal duty was the superintendence of the movement of the coal cars, and he, at the time the injury was inflicted upon the deceased, was entrusted by the defendant with, and was actively exercising that duty.

The negligence, outlined in the declaration and relied upon by the plaintiff in his proofs as the ground for recovery of damages against the defendant, was this act of Whitehead, while exercising superintendence in the running of the cars, in sending down, or permitting to be sent down grade, without warning or notice to the intestate, the loaded car so that it collided with great force and unusual violence with the car from which he was stepping, and threw him down under the car wheels.

The plaintiff's declaration is framed under the terms of the second subdivision of section 1 of the act of the legislature approved April 13th, 1909 (*Pamph. L., p.* 114), which took effect September 1st, 1909, entitled "An act to extend and regulate the liability of employers for injury or death to employes in certain cases."

It will be observed that this law enlarges in important respects the range of liability of the employers of labor for injuries happening to an employe through their negligence, and provides that the employe, or in case the injury results in death, the representative (defined in this act) of the deceased employe, "shall have the same right of compensation and remedies against the employer as if the employe had not been an employe of, nor in the service of, the employer, nor engaged in his work." Its first section defines the conditions under which liability may be imposed upon the employer as follows, viz., "Where, after this act takes effect, personal injury or death results to an employe who is himself in the exercise of reasonable care at the time, * * * by reason of negligence of any person in the service of the

employer entrusted with and at the time of the injury exercising superintendence, whose sole or principal duty is that of superintendence, or in the absence of such superintendence of any person acting as superintendent, with the authority or consent of such employer."

The defendant's only plea to the declaration was the general issue; the assignments of error go only to the refusal of the trial court to nonsuit, and to direct a verdict in defendant's behalf.

The contention in the brief of the counsel of the plaintiff in error is confined to the single point, that no negligence of the defendant was shown and that there should have been a nonsuit.

Whether or not at common law (independent of this statute), if the case rested there, the jury would have been legally warranted in finding under the evidence that the employe, Whitehead, was the representative of the company to the extent that his negligence in the management of the loaded car was imputable to the defendant, it is not necessary to determine.

The section of the statute which is invoked by the plaintiff fixes responsibility upon the employer for the fault of an employe, exercising superintendence, and whose principal duty is that of superintendence of the work, no matter how narrow and limited such superintendence may be as, for instance, a mere foreman or boss. This law, it will be noted by a reference to its terms, is a remedial law of prime import, and should be liberally construed. It grants rights of action to employes against their employer in cases of the negligence of others having limited power of representation of the latter, which were beyond the reach of the common law, and where no such right either existed or could arise thereunder.

In the case of *Quigley* v. *Lehigh Valley Railroad Co.,* 51 *Vroom* 486, our Supreme Court construed certain of the sections of the act in their relation to constitutional questions there raised, but the construction of the second sub-

division of section 1, in so far as that section has altered the common law, does not seem to have been raised or considered there, nor in any decided case in this state.

In the States of New York and Massachusetts, which have similar employer-liability statutes, their courts have uniformly held that where the law provides or prescribes that the master shall be liable for the negligence of the superintendent, or of any person acting as such, it has given *an additional cause of action,* and that the question whether the employe, whose negligence caused the injury was a superintendent or not, was one for the jury to determine under all the evidence.

In the case of *Gmaehle* v. *Rosenberg,* 178 *N. Y.* 147, the New York Court of Appeals, in its opinion so holding, says: "At common law, while the master was liable for the fault of his *alter ego,* to whom he entrusted the *whole* management of the work, he was *not* liable for the negligence of his *foreman* merely *as such.*"

A few of the many decisions of the courts of these states, in point, which may be regarded as leading, are cited below: *McBride* v. *New York Tunnel Co.,* 101 *App. Div.* 448; *Bellegarde* v. *Union Bag and Paper Co.,* 90 *Id.* 577; *affirmed,* 181 *N. Y.* 519; *Braunberg* v. *Solomon,* 102 *App. Div.* 330; *Mahoney* v. *Bay Slate Pink Granite Co.,* 184 *Mass.* 287; *Gelolneck* v. *Dean Steam Pump Co.,* 165 *Id.* 202; *Brady* v. *Norcross,* 174 *Id.* 442.

*Reynolds* v. *Barnard,* 168 *Mass.* 226. In this case it was expressly held that it was a question for the jury whether the principal duty of the foreman in charge of the work was not that of superintendence, "notwithstanding the fact that he was engaged in laying slate on the roof when the accident happened, and although he testified as a witness for the defendant, that he worked with his hands nine-tenths of the time." *Eaves* v. *Atlantic Novelty Manufacturing Co.,* 176 *Mass.* 369; *Knight* v. *Overman Wheel Co.,* 174 *Id.* 455.

We think that it was within the province of the jury in the case in hand to find, under the statute, that Whitehead

was superintendent at the time of the accident, and that his principal duty was that of superintendence; that his act of sending down the loaded car, which caused the deceased to be thrown from the empty car while he was stepping from it, was a negilgent act imputable to the defendant company.

The judgment below, which was for the plaintiff, should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, TREACY, JJ.    16.

*For reversal*—None.