CHRISTIAN A. WINDT *vs.* SYLVESTER Z. POLI.

Worcester.    October 1, 1917. — October 23, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Negligence,* In maintenance of real estate.

If the owner of a building employs a tinner and roofer to repair the roof of the
building, the only access to which is by means of a ladder leading to a skylight,
and this ladder belongs to a tenant in the building and is defective, and if, when
the roofer was employed, he was told by the agent of the owner of the building
that it was not necessary for him to bring his ladder and that he could "use the
ladder up there," and if, while the roofer is ascending the ladder to get to the
roof, the ladder breaks and the roofer is injured, in an action brought by him
against the owner of the building for his injuries, it is for the jury to determine
whether the defendant performed his duty of furnishing the plaintiff with a
reasonably safe ladder to reach his place of work and whether by the exercise of
reasonable diligence the defendant could have ascertained the defective con-
dition of the ladder.

TORT by a tinsmith and roofer for personal injuries received on
April 8, 1915, by reason of the breaking of a defective ladder, fur-
nishing the only means of access to the roof of a building of the
defendant numbered 34 on Front Street in Worcester, which roof
the defendant had employed the plaintiff to repair.    Writ dated
July 9, 1915.

In the Superior Court the case was tried before *White,* J.    The
plaintiff in his testimony described the accident as follows: "I
have been in the tinsmith and roofing business for sixteen years.
I went to the defendant's building at the request of Tom Cun-
ningham to repair the roof.    I had worked on the building three
times previously at the request of Mr. Cunningham and had al-
ways received pay for my work from Mr. Poli, each time going
on to the roof in the same way.    When I arrived at the building
I went to the top floor and found a ladder standing there extend-
ing up into the skylight or scuttle.    I sent a man ahead of me
to open the scuttle cover.    I then went down to get a broom.
When I came up I had three brooms in my right hand and held

on to the ladder with my left hand and I was in a hurry and went up, and when at the middle of the ladder, the left side broke and I swung around and fell down, I didn't get up to the top and then I hit my left side and that is all." The plaintiff also testified, "The ladder when it broke one side it started to slide down and of course I followed it and I hit my back and didn't know anything." He also testified, "I saw Tom Cunningham and I asked him if I would take my own ladder and he said, 'No, that is not necessary; you may use the ladder up there.'" Other evidence showed that Cunningham was the janitor of the building and was employed by the defendant to have charge of it. There was evidence that the ladder was defective and that it belonged to a tenant of the defendant.

At the close of the plaintiff's evidence the judge ordered a verdict for the defendant, and at the request of the plaintiff reported the case for determination by this court, with the stipulation that, if the ordering of the verdict was right, judgment was to be entered for the defendant on the verdict; and that, if the case ought to have been submitted to the jury, judgment was to be entered for the plaintiff in the sum of $2,500.

The case was submitted on briefs.

*C. H. L. Bock,* for the plaintiff.

*C. M. Thayer, F. C. Smith & G. A. Gaskill,* for the defendant.

BRALEY, J. The jury would have been warranted in finding on the evidence introduced by the plaintiff, that the ladder, the breaking of which caused his injuries, was the only means of access to the roof which the defendant had engaged the plaintiff to repair, and that by direction of the defendant's agent in charge of the premises and of the repairs the plaintiff used the ladder which had become so weakened and defective as to be unsafe and dangerous, a condition not obvious but ascertainable on inspection. *Boccella* v. *Holt-Fairchild Co.* 217 Mass. 161, 162.

It would follow from these findings that, having undertaken to provide the plaintiff with an appliance for the performance of the work, without the use of which the repairs could not be made, the defendant was bound to furnish a reasonably safe ladder; and it was for the jury to determine whether this duty had been discharged, or whether by the exercise of reasonable diligence the

defect could have been ascertained and remedied. *Blohm* v. *Boston Elevated Railway*, 221 Mass. 390, 392, 393.

In accordance with the terms of the report the plaintiff is to have judgment in the sum of $2,500.

*So ordered.*