## Thomas Hennessy vs. City of Boston.

Suffolk.    May 18, 1894. — June 19, 1894.

Present: Field, C. J., Holmes, Knowlton, Lathrop, & Barker, JJ.

*Personal Injuries — Due Care — Negligence — Employers' Liability Act.*

At the trial of an action for injuries occasioned by the caving in of the side of a
sewer trench which was thirty or forty feet long, twelve or fifteen feet deep,
three feet wide at the top and one and a half feet wide at the bottom, where
the plaintiff was at work, there was evidence tending to show that there was no
bracing in the trench except two blocks consisting of portions of earth about
four feet wide left untouched, so as to form braces which were about twenty-five
feet apart; that there was no unexpected or extraneous cause for the caving in
of the earth, and that the accident seemed to have resulted from natural causes;
that there was a foreman in charge of the work, whose sole or principal duty in
the service of the defendant was that of superintendence, which included the
duty of taking proper precautions for the safety of the men at work in the
trench; and that the plaintiff was a person of experience in digging trenches,
whose duties did not require him to study the conditions affecting the stability
of the earth at the sides of the trench, or to do anything except to work under
the directions of the foreman.  *Held,* that the evidence should have been sub-
mitted to the jury, who could have properly inferred that the foreman in charge
of the work was negligent, and that the plaintiff was in the exercise of due
care.

Tort, under St. 1887, c. 270, for personal injuries occasioned
to the plaintiff, while in the employ of the defendant, by the
caving in of the side of a sewer trench in which he was at work.
Writ dated December 31, 1890.

Trial in the Superior Court, before *Maynard,* J., who, at the
request of the defendant, ruled that the action could not be
maintained, and directed a verdict for the defendant; and the
plaintiff alleged exceptions.    The facts appear in the opinion.

*C. W. Cushing,* for the plaintiff.

*S. H. Hudson,* for the defendant.

Knowlton, J.    The plaintiff was injured from the caving
in of the side of a sewer trench in which he was working, and
which was thirty or forty feet long, twelve or thirteen feet
deep, three feet wide at the top and about one and a half feet
wide at the bottom.    There was evidence tending to show that
the foreman in charge of the work was a person whose sole or

principal duty in the service of the defendant was that of super-
intendence.   It was his duty to take proper precautions for the
safety of the men at work in the trench.   He should have ob-
served carefully the character of the soil, and all other condi-
tions which would enable him to determine what should be done
to prevent such accidents as that which happened to the plain-
tiff.   It appears that there was no bracing in the trench, except
two blocks about twenty-five feet apart.   These blocks were
portions of earth about four feet wide, which were left un-
touched so as to form braces.   So far as appears there was no
unexpected or extraneous cause for the caving in of the earth,
and the accident seems to have resulted from natural causes.
The jury might well have believed from the evidence, that, if
the foreman had exercised such skill and foresight as men of
ordinary ability and experience in charge of such a work are
accustomed to use, the accident would not have happened.   It
was an accident of a kind that is commonly preventable by the
exercise of ordinary care, and the accident itself, in connection
with the circumstances shown in regard to the depth of the
trench and the slope of its sides, and the distance of the braces
from each other, furnishes evidence from which the jury might
have found negligence on the part of the foreman in charge of
the work.   *White* v. *Boston & Albany Railroad,* 144 Mass. 404.

   The question whether the plaintiff was in the exercise of due
care was also a question of fact for the jury.   He was engaged in
the performance of his duty in the ordinary way.   Although he
was a person of experience in digging trenches, it was no part
of his duty to study the conditions affecting the stability of the
earth at the sides of the trench, nor to do anything except to
work as well as he could under the directions of the foreman.
While he was bound to use ordinary care to prevent injury, the
responsibility for the condition of the trench in regard to safety
was primarily upon the foreman, and the plaintiff might well
trust something to him in determining whether he could safely
work in the trench.   We are of opinion that the case should
have been submitted to the jury.

*Exceptions sustained.*