## CORNELIUS O'NEAL *vs.* DENNIS O'CONNELL.

Suffolk.   December 11, 1896. — January 9, 1897.

Present : FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Caving in of Sewer Trench — Negligence — Law and Fact.*

In an action for personal injuries occasioned to the plaintiff by the caving in of the side of a sewer trench in which he was working, where all the facts are before the jury, he is not entitled, at the close of the charge, to a ruling that the fact that the earth fell out was some evidence of negligence, but the case is rightly submitted to the jury on all the evidence.

TORT, for personal injuries occasioned to the plaintiff, while in the employ of the defendant as a laborer in a sewer trench on Neponset Avenue in Boston.   Trial in the Superior Court, before *Sherman*, J., who allowed a bill of exceptions, in substance as follows.

The plaintiff testified that he was employed by the defendant, and was to be paid two dollars per day, to work in the sewer. It appeared that other employees upon the sewer were paid one dollar and fifty cents per day.   The plaintiff further testified that on January 5, 1894, in the afternoon, a small portion of the side of the trench fell in, and he refused to work longer in the trench,

and went and made complaint to the defendant, who was not at the trench; that on the morning of January 6, before going into the trench, he had a conversation with the defendant, who asked him if the ditch was in that condition the night before, and the plaintiff told him that it was not; that the foreman put in uprights between in the morning; that the uprights were about sixteen feet apart the first night, and then he put uprights in between those to make them eight feet apart; that the defendant told the plaintiff that the ditch was safe to lay pipe in, but the plaintiff told him he was afraid that it was not safe without being sheeted; that the defendant said it was safe, and could not be made any safer; and that the plaintiff went into the trench, and, at about half past twelve o'clock on that day, while engaged in the work of pipe laying, about half a cart-load of dirt fell from the lower part of the trench upon his legs, and he received the injuries complained of.

Evidence was introduced on both sides, tending to show that the trench at the point where the plaintiff was injured was about ten feet in depth, and from three to five feet wide at the bottom, together with evidence as to the character of the soil, and that it was braced by uprights; but some difference existed between the witnesses for the plaintiff and those for the defendant as to whether there were stringers running from one upright to another, and also as to the distance of the uprights one from another, and from the place where the earth caved in, and also as to the point upon the side of the trench where the caving in occurred with reference to the uprights.

Upon the conclusion of the charge to the jury, the plaintiff requested the judge to rule that the fact that the earth fell out and upon the plaintiff was some evidence of negligence. The judge refused to rule as requested, and instructed the jury as follows: "The plaintiff requests me to say that the fact that this earth fell out is some evidence of negligence. I decline so to rule, and leave it to you. You are to take all the evidence in the case and determine that question. Our courts have applied that rule in certain cases, but I do not believe they are ever going so far as to apply it to a case like this."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*A. H. Russell & W. Bolster*, for the plaintiff, submitted the case on a brief.

*J. F. Cronan*, for the defendant.

LATHROP, J. This is not a case where the only evidence before the jury was the fact that an accident had taken place, and we have no occasion to consider to what extent the rule of *res ipsa loquitur* is applicable to the case of an injury to a servant while engaged in the digging of a trench. This court has gone no further in a case of this kind than to say that, where the accident is such as is commonly preventable by the exercise of ordinary care, " the accident itself, in connection with the circumstances shown in regard to the depth of the trench and the slope of its sides, and the distance of the braces from each other, furnishes evidence from which the jury might have found negligence on the part of the foreman in charge of the work." *Hennessy* v. *Boston*, 161 Mass. 502.

In the case at bar, all the facts were before the jury. At the close of the charge, the request was made that the fact that earth fell out was some evidence of negligence. We are of opinion that the judge was not bound to single out one fact and give that a prominence which might have misled the jury, and that he was right in submitting the case to the jury on all the evidence. *Carmody* v. *Boston Gas Light Co.* 162 Mass. 539.

*Exceptions overruled.*