## CACIATORE v. TRANSIT CONST. CO. et al.

(Supreme Court, Appellate Division, Second Department. December 21, 1911.)

**1. APPEAL AND ERROR (§ 262*)—PRESENTATION BELOW.**

Error in submitting the question of the employer's failure to furnish a safe place of work, when that question was not in the case, may be reviewed in absence of exceptions to its submission.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1582–1595; Dec. Dig. § 262.*]

**2. MASTER AND SERVANT (§ 107*)—INJURIES—SAFE PLACE OF WORK.**

When injured, plaintiff was blasting rock in a cut which was being removed by a steam shovel pushed forward on tracks as the blasting progressed, plaintiff's work in the cut being cleaning up the tracks and drill holes, and relaying the tracks. About an hour before the accident blasts were fired and the steam shovel had lowered a part of the blasted rocks, when plaintiff was ordered by his foreman to take out a drill from a piece of rock in the steam shovel bucket, and while he was trying to do so a piece of rock lodged in the side of the cut fell, and struck plaintiff. *Held*, that the case did not raise the question of safe place of work, since plaintiff's place of work was made in the course of the work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 199–202; Dec. Dig. § 107.*]

**3. MASTER AND SERVANT (§ 296*)—INJURIES—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE—"RELY."**

The court instructed in a servant's personal injury action that in determining contributory negligence and assumption of risk plaintiff was entitled to rely upon the assurance of safety given by the employer, if one was given, and was entitled to rely upon the superior knowledge and experience of his employer in the work. *Held*, that the word "rely" meant to trust or depend upon, and the instruction was improper where plaintiff testified that he knew he was going into a dangerous place pursuant to his foreman's order, since the jury were not required as a matter of law to absolve plaintiff from negligence if he knew the place was dangerous, though they also believed that his employer had assured him that the place was safe, or that plaintiff had relied upon the knowledge and experience of his employer.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 296.* For other definitions, see Words and Phrases, vol. 7, p. 6068.]

Woodward, J., dissenting.

Appeal from Trial Term, Westchester County.

Action by Luciano Caciatore against the Transit Construction Company and others. From a judgment for plaintiff and an order denying a motion for a new trial, defendant named appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Thomas F. Curran, for appellant.

L. F. Fish, for respondent.

JENKS, P. J. The action is brought under the employer's liability act (Consol. Laws 1909, c. 31, §§ 200–204) by servant against master. [1] A question submitted to the jury, upon which much stress was

laid by the learned court, was the liability of the defendant for failure to furnish the plaintiff, its servant, with a safe place for work. The learned counsel for the respondent insists that, inasmuch as this submission was not excepted to, the theory of trial must control. But that rule does not apply in this court, for we may review the question in the absence of any exception. Leach v. Williams, 12 App. Div. 173, 42 N. Y. Supp. 574; Vorce v. Oppenheim, 37 App. Div. 69, 55 N. Y. Supp. 596; Roberts v. Tobias, 120 N. Y. 1, 23 N. E. 1105.

[2] I think that the case did not present the feature of a safe place to work. The defendant was building a railroad in a cut 25 feet deep. The work required the blasting out of rock which was taken away by a steam shovel pushed forward on tracks as the work went on. The plaintiff labored in the cut at cleaning up, clearing the tracks and the drill holes, and in relaying the tracks. About one hour before the accident, blasts had been fired and the steam shovel had lowered part of the dislodged rocks. The plaintiff was ordered by the defendant's servant Tucci, described as "a boss," to take out a drill from a piece of rock then in the bucket of the shovel. As he went about his task, a piece of rock partly lodged in the side of the cut fell out and down, and struck the plaintiff. The case did not present the feature of safe place, inasmuch as the doing of the work made the place for the work. De Vito v. Crage, 165 N. Y. 378, 59 N. E. 141; Citrone v. O'Rourke Engineering Const. Co., 188 N. Y. 339, 80 N. E. 1092, 19 L. R. A. (N. S.) 340; Henry v. Hudson & Manhattan R. R. Co., 201 N. Y. 140, 142, 94 N. E. 623.

[3] In view of the new trial, it is proper to notice an exception to an instruction. The learned court charged this request:

"In determining the question of plaintiff's contributory negligence and also the question of plaintiff's assumption of the risks that the plaintiff was entitled to rely upon the assurance of safety given by defendant, if one was given, and was also entitled to rely upon the superior knowledge and experience of the defendant in such work."

"Rely" means to trust or to depend upon (Century Dictionary), so that this instruction was tantamount to saying that the plaintiff might trust or depend upon such assurance and such superior knowledge. While recognizing the principle announced in such cases as Kain v. Smith, 89 N. Y. 375, McGovern v. C. V. R. R., 123 N. Y. 280, 25 N. E. 373, Chadwick v. Brewsher, 15 N. Y. Supp. 598,[1] and Hennessy v. Boston, 161 Mass. 502, 37 N. E. 668, which was doubtless in the mind of the court, I think that the instruction was erroneous in the case at bar, in that it went too far. The plaintiff testifies:

"I knew, then, that I was going to a dangerous place to get that drill out of the rock. * * * Q. Well, (you knew) that there was a danger there? A. That there was a danger there."

If the jury found that the plaintiff knew that the place was dangerous, they were not required as a matter of law to acquit him of contributory negligence if they believed that the master had assured him

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 61 Hun, 620.

that the place was safe, or that the plaintiff relied upon the knowledge and experience of the master. Thomas on Negligence (2d Ed.) p. 157, and authorities cited. In McKee v. Tourtellotte, 167 Mass. at page 70, 44 N. E. at page 1072 (48 L. R. A. 542), Holmes, J., says for the court:

"When we say that a man appreciates a danger, we mean that he forms a judgment as to the future, and that his judgment is right. But, if against this judgment is set the judgment of a superior, one too who, from the nature of the callings of the two men and of the superior's duty, seems likely to make the more accurate forecast, and if to this is added a command to go on with his work and to run the risk, it becomes a complex question of the particular circumstances whether the inferior is not justified as a prudent man in surrendering his own opinion and obeying the command. The nature and the degree of the danger, the extent of the plaintiff's appreciation of it, and the exigency of the work, all enter into consideration, and no universal rule can be laid down. See Hennessy v. Boston, 161 Mass. 502 [37 N. E. 668]; Coan v. Marlborough, 164 Mass. 206 [41 N. E. 238]; Burgess v. Davis Sulphur Ore Co., 165 Mass. 71 [42 N. E. 501]."

The judgment and order must be reversed, and a new trial must be granted, costs to abide the event. All concur, except WOODWARD, J., dissenting.