(90 Misc. Rep. 185)

### MARTINKOVICS v. LEHIGH COAL & NAVIGATION CO.

(Supreme Court, Trial Term, New York County. April, 1915.)

1. MASTER AND SERVANT ⬭95½—MINE FOREMAN—PERFORMANCE OF STATUTORY DUTIES—LIABILITY OF MASTER.

So far as the foreman in a Pennsylvania mine acts in obedience to the duties placed on him by the Anthracite Law of Pennsylvania (Act June 2, 1891 [P. L. 176]), the employer is not liable for his acts, but such law does not relieve the employer from liability for the negligence of his foreman in performing duties not prescribed by the statute.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 358; Dec. Dig. ⬭95½.]

2. MASTER AND SERVANT ⬭265—INJURY TO MINER—NEGLIGENCE—RES IPSA LOQUITUR.

Plaintiff, who, though a certified miner under the laws of Pennsylvania, had never worked as such, was made totally blind by an explosion of dynamite or of a cap used in blasting in defendant's mine, where he was working as a laborer under the orders of a certified miner, who, on inspection after firing a blast, directed plaintiff to go in and break up a large stone thrown out and to hasten, as the roof needed support. Plaintiff obeyed, struck the stone a few times, and in so doing exploded the dynamite or cap, whereby he was blinded. In his action against the mine owner, it appeared that a careful inspection would have disclosed the presence of the explosive. *Held* that, the doctrine of res ipsa loquitur applying, the explosion was evidence of defendant's negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. ⬭265.]

---

⬭For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. MASTER AND SERVANT ☞95½—INJURY TO MINER—NEGLIGENCE OF FORE-
MAN—ANTHRACITE LAW.

Anthracite Law Pa. art. 17, § 8, providing "that for any injury * * *
occasioned by any violation of this act or any failure to comply with its
provisions * * * a right of action shall accrue * * * for any
direct damages * * * sustained thereby," while ineffective to author-
ize a recovery against a mine owner for acts of a mine foreman com-
manded by the statute, is authority for a recovery for acts done beyond
those thus commanded.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 358;
Dec. Dig. ☞95½.]

Action by John Martinkovics against the Lehigh Coal & Naviga-
tion Company. Motion to set aside a verdict for plaintiff and for a
new trial. Denied.

R. W. Darling and Roger Foster, both of New York City, for
plaintiff.

Wellman, Gooch & Smyth, of New York City (Herbert C. Smyth,
of New York City, of counsel), for defendant.

BENTON, J. [1] Plaintiff was made totally blind by an explo-
sion of dynamite or of a cap used in blasting in defendant's mine.
Plaintiff was in defendant's employ as a laborer under orders from
Frank Valent, a certified miner, in charge of a breast in mine No. 11.
Plaintiff was also a certified miner, but he had never worked as such.
A certified miner is one who has "obtained a certificate of competency
and qualification * * * from the miners' examining board of the
proper district and duly registered under the laws of Pennsylvania,
enacted to protect the lives and limbs of miners," etc. By the terms
of the act no person whatsoever can be employed or engaged in the
anthracite coal region as a miner, unless so certified. Statutory rule
34 of the Anthracite Law provides:

"Before commencing work and also after the firing of every blast, the
miner working a breast or any other place in a mine, shall enter such breast
or place to examine and ascertain its condition, and his laborer or assistant
shall not go to the face of such breast or place until the miner has examined
the same and found it to be safe."

Frank Valent was such miner, and plaintiff was such laborer. No
person can be employed to blast, unless the miner foreman is satis-
fied that he is qualified by experience and judgment to do it with ·or-
dinary safety. Rule 35. No person can act as a miner foreman, un-
less registered as a holder of a certificate of qualification granted by
the secretary of internal affairs to every applicant reported by the
examiners, as provided in the act. Rule 1 of said act required the
defendant to place the "underground workings of the mine and all
that related to the same under the charge and daily supervision of a
miner foreman," who is specifically charged by the terms of said act
with supervision and examination. So far as the miner foreman acts
in obedience to his statutory duties, the owner or operator is not li-
able for his acts, inasmuch as the rule respondeat superior does not
apply, for the employer is not his superior in those matters; the stat-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ute controlling. Nothing in the act prevents the employment of a certified miner foreman as general foreman or superintendent, intrusted with powers and duties beyond those prescribed by statute, and for his acts without the statute manifestly the master would be answerable. The miner foreman was John Obrey. It was not a part of his duty to hire or discharge men. He could not, as certified miner foreman, compel the defendant to hire Valent or any particular certified miner. The defendant was free to choose and hire any it chose, subject to the approval of the miner foreman. This approval, as well as the certification, were for greater certainty that the master should, as was his duty, independent of the statute, employ competent miners. Neither reason, natural justice, nor authority requires exemption from liability of the master beyond the restriction of the statute clearly expressed therein. Indeed, the language of the act enjoins upon him greater care than did the common law. It says (rule 1, art. 12):

"The owner, operator or superintendent of a mine or colliery shall use every precaution to insure the safety of the workman, * * * whether provided for in this act or not."

The purpose of the law was not to relieve the master of responsibility, but to save the workmen from injury.

In Bogdanovicz v. Coal Co., 240 Pa. 124, 87 Atl. 295, it is said:

"The defendant can only be relieved by pointing to a provision of the statute which imposes such duty on the miner foreman and relieves the owner or operator."

In Pittsburgh-Buffalo Co. v. Cheko, 204 Fed. 353, 356, 124 C. C. A. 451, 454, it is said:

"And in each instance the court has held that, so far as the statute has committed the operation of the mine to foreman, the owner has been relieved from liability for his negligence."

See, also, D'Jorko v. Berwind-White Coal M. Co., 231 Pa. 164, 80 Atl. 77; Collins v. Northern A. Coal Co., 241 Pa. 55, 88 Atl. 75; Golden v. Mount Jessup Coal Co., 225 Pa. 164, 73 Atl. 1103; Durkin v. Kingston Coal Co., 171 Pa. 193, 33 Atl. 237, 29 L. R. A. 808, 50 Am. St. Rep. 801; Bigus v. Lehigh & Wilkesbarre Coal Co., 160 App. Div. 838, 146 N. Y. Supp. 107.

General expressions in these cases must be construed in reference to the facts of the case. It is but a poor service to carry a statute by construction beyond the import of its language to the deprivation of a remedy otherwise available. Statutes in derogation of private right should be construed strictly. No negligence of the miner foreman is complained of; only that, if any, of the miner gives a cause of action. It is claimed that he is likewise within the Pennsylvania act, so that the master is not liable for his acts upon the principle of the Pennsylvania cases cited, as well as 160 App. Div. supra, construing and applying the act and the Pennsylvania cases.

[2] The acts of the miner were in blasting and inspection thereafter, and in preparing foundations for posts to carry roof supports. Valent fired the blasts. The evidence permitted the jury to find that

Valent thereafter inspected the place, told plaintiff that the shots were fired, and directed him to go in, break up a large stone thrown out, and hasten, as the roof needed support. The plaintiff obeyed, struck the stone a few times, and by so doing exploded dynamite or a cap whereby plaintiff was blinded. Also that careful inspection would have disclosed the presence of the explosive. It was the duty of the miner to make the inspection and of the plaintiff not to go until that was done. Plaintiff is entitled to that presumption supporting his testimony. Reasonable caution would require that no one be set to work pounding with steel tools where dynamite was liable to be, without care to see there was none there. If suitable skill in examining would disclose its presence, then its not being found was evidence of neglect in inspecting. Care must be commensurate with the danger. The testimony of the plaintiff's expert that the presence of a large piece of rock blown off, the very one in fact which plaintiff says Valent told him to break off, to one experienced in the effect of dynamite in crushing rock, was indication that only one blast was discharged and called for special examination to find if that were so, seems reasonable and probable. I think that the presence of dynamite or a cap which, like dynamite, would explode from concussion in a place where a workman is directed to strike with a steel tool, pick, or hammer, is evidence of negligence in setting him at work there in that way. Therefore the explosion is evidence of negligence, and the doctrine of res ipsa loquitur applies.

[3] Defendant contends that the work being done to shore up or support the roof was so exclusively in charge of the miner foreman as to relieve the owner from responsibility. But rule 14 says:

"Any person having charge of a working place in any mine shall keep the roof and sides thereof properly secured by timber or otherwise so as to prevent such roof and sides from falling."

Valent was such person in charge, and he represented the defendant, or the plaintiff was subject to his orders, and in obeying them was injured. The owner, operator, superintendent, or miner foreman, as the case may be, is made liable for accidents resulting from insufficient propping or failure to furnish necessary timbers by article 11 of the Mining Act (Anthracite Law). True, the construction of the act by the courts of Pennsylvania makes the law of the case to be respected here. Jessup v. Carnegie, 80 N. Y. 441, 446, 36 Am. Rep. 643. No case per se adjudging the status of a certified miner under the act has been found in Pennsylvania. The case of Mingak v. Vesta Coal Co., 51 Pa. Super. Ct. 584, is instructive. The case of Andriuszis v. Philadelphia & R. Co., 143 App. Div. 607, 127 N. Y. Supp. 980, and Id., 149 App. Div. 924, 133 N. Y. Supp. 1111, involves the negligence of a certified miner. It has been three times tried by jury with verdict always for plaintiff; twice reversed by the Appellate Division. The last pronouncement is the order and opinion of Justice Crane upholding the verdict. Section 8, art. 17, provides:

"That for any injury to person or property occasioned by any violation of this act or any failure to comply with its provisions by any owner, operator,

superintendent or miner foreman or fire boss, a right of action shall accrue against said owner or operator for any direct damages he may have sustained thereby."

It seems by section 9, art. 8, "a fire boss must be a miner of five years' practical experience," otherwise the section is silent as to a certified miner. True, as defendant contends, this section is inoperative as authorizing a recovery against a mine owner for acts of a miner foreman commanded by the statute, but it is an authority that beyond that he may be liable, and seems to me at least an argument for defendant's liability in this case. I conclude that the verdict is not against the law of the case and also that it is not against the weight of evidence so as to compel action on my part; therefore the motions are denied.

Motions denied.