JOHN ANDRIUSZIS, Respondent, *v.* PHILADELPHIA AND READING COAL AND IRON COMPANY, Appellant.

Second Department, December 10, 1915.

Master and servant — negligence — injury to employee in Pennsylvania coal mine — duty of boss to examine mine after explosion — evidence — vice-principal.

In an action by a miner injured while working in a coal mine in the State of Pennsylvania under the direction of his immediate boss, who was not a certified foreman, but a licensed or certified miner, it appeared that an explosion occurred blowing out both of his eyes; that the only substance in the place to explode was all or part of two dynamite charges; that one charge had missed fire, and the second was placed about six inches from it, and that it was the duty of the boss to examine and see that the place was safe before he ordered the plaintiff to work. Evidence examined and

*Held,* that a motion to set aside the verdict in favor of the plaintiff and to grant a new trial should be denied.

Whether or not the boss exercised reasonable care in making an inspection and examination is a question for the jury, although his testimony was uncontradicted.

Rule 34 of the Anthracite Mining Law of Pennsylvania, providing that "Before commencing work and also after the firing of every blast, the miner working a breast or any other place in a mine, shall enter such breast or place to examine and ascertain its condition, and his laborer or assistant shall not go to the face of such breast or place until the miner has examined the same and found it to be safe," is not complied with as a matter of law by the person charged with the duty testifying that an examination was made and the shot was a good one.

Since the boss was the person in control of the plaintiff at the time and place of the accident, and by law and custom was not permitted to allow him to approach the place of the explosion until an examination had been made, he was a vice-principal within the meaning of the Employers' Liability Act of 1907 of the State of Pennsylvania.

APPEAL by the defendant, Philadelphia and Reading Coal and Iron Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Richmond on the 4th day of December, 1914, upon the verdict of a jury for $25,000, and also from an order entered in said clerk's office on or about the same day, denying defendant's motion for a new trial made upon the minutes.

*Pierre M. Brown,* for the appellant.

*David C. Hirsch* [*John F. McIntyre* and *Joseph Levy* with him on the brief], for the respondent.

Judgment and order unanimously affirmed, with costs, on the opinion of CRANE, J., at Trial Term.

Present — JENKS, P. J., CARR, STAPLETON, MILLS and RICH, JJ.

The following is the opinion of the court below:

CRANE, J.:

There are a few things in this case undisputed which form the ground work upon which it is built.   1.   While the plaintiff was working in the mine as directed by Shukavage, his immediate boss, an explosion occurred of sufficient violence to blow out both of his eyes.   2.   The only substance there was in the place to explode was all or part of two dynamite charges.   One dynamite charge had missed fire, and the second charge was placed about six inches from it.   A discharge had taken place and the question is, had all the dynamite been exploded, or did the first charge or any part of it remain unexploded?   3. How was this to be ascertained?   Rule 34 of the Anthracite Mining Law* reads as follows:   "Rule 34.   Before commencing work and also after the firing of every blast, the miner working a breast or any other place in a mine, shall enter such breast or place to examine and ascertain its condition, and his laborer or assistant shall not go to the face of such breast or place until the miner has examined the same and found it to be safe."   It was Shukavage's duty to examine and see that the place was safe before he ordered the plaintiff to work. 4. What examination did Shukavage make?   He looked at the place and found it a good shot, but he does not testify that there was no dynamite remaining, nor does he say that he looked for unexploded dynamite.   Whether or not he exercised reasonable care in making an inspection and examination is a question for the jury, even if his testimony were uncontra-

---

* See Penn. Laws of 1891, pp. 176, 199, No. 177, art. 12, rule 34.—[REP.

dicted. The jury would have a right to draw such reasonable inferences as the established facts would warrant. That is, if dynamite had exploded and injured the plaintiff the jury were not called upon to believe this interested witness, even if he said that he examined and found both holes discharged. 5. For the negligence of Shukavage the defendant would be liable. (*Philadelphia & Reading Coal & Iron Co.* v. *Keslusky*, 209 Fed. Rep. 197.) Shukavage was not a certified foreman within the rule of *D'Jorko* v. *Berwind-White Coal Mining Co.* (231 Penn. St. 164); but simply a licensed or certified miner, similar to licensed plumbers, engineers, etc., in this State. The testimony in this case is very different from what it was when before the court in 143 Appellate Division, 607, and 149 Appellate Division, 924. This is the first time that rule 34, above quoted, has been put in evidence. Such rule is not complied with as a matter of law by the person charged with the duty testifying that an examination was made and the shot was a good one. Again, on the former trial it did not appear that after a second discharge portions of dynamite sometimes remained unfired and might reasonably be expected to cause harm unless a good and sufficient search were made to see for a certainty that both charges had been fired. Shukavage was charged with a duty of ascertaining by a proper inspection that both shots had gone off. After the second shot had been fired he went in and looked at the place and ordered the plaintiff to work, when another explosion took place, injuring the plaintiff. The jury had the right to draw the inference that Shukavage had been neglectful in his examination and inspection. I feel, as does the defendant's counsel, that these cases should be tried in Pennsylvania, but our statute law — section 1780 of the Code of Civil Procedure — gives the plaintiff the right to bring his action here, and the court should, therefore, not permit the transportation of the case from Pennsylvania to this State to incline them to a strict and narrow view of the law. The plaintiff appears to have become a resident of this State, and if he has in good faith become a resident, the purpose of his coming here is immaterial so long as the Legislature has seen fit to open our courts to him. It is claimed by the defendant that Shukavage is not

a vice-principal within the meaning of the Employers' Liability Act of 1907 of the State of Pennsylvania,* but as Shukavage was the person in control of the plaintiff at the time and place in question, and by law and custom was not permitted to allow him to approach the place of explosion until an examination had been made, I think he was a vice-principal within the meaning of the act. Such has been the interpretation of a similar law of our own Legislature* particularly modifying a prior statute so as to meet the narrow interpretation placed upon the law by the case of *Guilmartin* v. *Solvay Process Co.* (189 N. Y. 490).

Motion to set aside the verdict and grant a new trial denied.

---

* See Penn. Laws of 1907, p. 523, No. 329; N. Y. Laws of 1902, chap. 600; re-enacted by Labor Law (Consol. Laws, chap. 31; Laws of 1909, chap. 36), art. 14, as amd. by Laws of 1910, chap. 352.— [REP.