ANISIM ADZERYCHA, Plaintiff, *v.* HOLBROOK, CABOT & ROLLINS CORPORATION, Defendant.

(Supreme Court, New York Trial Term, December, 1917.)

Negligence — allegations of — where the work makes the place — master and servant — actions — evidence — motions and orders.

Where an employee engaged in tunnel excavation is injured by an explosion the prosecution of the work makes the place, and the rule that it is the employer's duty to furnish a safe place to work does not obtain.

Where it appears that the explosion may have been caused by the negligence of a fellow servant the doctrine of *res ipsa loquitur* does not apply.

Where in a common law action for negligence plaintiff, employed by defendant in the excavation of an underground railroad in the city of New York as a laborer in cleaning-up work after the blast had been exploded, testified that he was directed by the foreman to break up a large rock in which apparently a hole had been drilled; that he objected; that the foreman then extracted some dynamite from the hole in the rock, and on further objection being made took the hammer and struck the rock and then told plaintiff to break it and at the third blow there was a loud explosion and plaintiff became unconscious; and the only allegation of negligence in the complaint is that when plaintiff struck said rock " a charge of dynamite within said rock used for blasting and negligently and carelessly theretofore left unexploded, all of which was known to defendant, did explode," and there was no evidence as to how or by whose fault, if any, the dynamite was put in the rock or failed to explode, defendant's motion to dismiss the complaint, decision upon which was reserved and the case sent to the jury which rendered a verdict in favor of plaintiff, will be granted.

ACTION for negligence.

Francis X. Wazeter (William J. Carey, of counsel), for plaintiff.

Benjamin Patterson, for defendant.

PENDLETON, J.    Where an employee employed in tunnel excavation is injured by an explosion, the prosecution of the work makes the place, and the rule that it is the employer's duty to furnish a safe place to work does not obtain.    To such a case the principle of *res ipsa loquitur* has no application, as the explosion may have been caused by the negligence of a fellow-servant.

On plaintiff's evidence defendant moved to dismiss the complaint, and again at the end of the case. Decision on both motions was reserved and the case sent to the jury.    Plaintiff recovered a verdict and the motions to dismiss must now be decided.

Plaintiff was employed by defendant in the excavation of the underground railroad in the city of New York as a "mucker," that is, a laborer engaged in general cleaning-up work.    In prosecuting this tunnel work other employees drilled the holes, placed the dynamite charges and exploded the blasts.    It was the duty of plaintiff and his gang to clean up the debris afterwards.    It appeared by evidence that before a blast plaintiff and his gang were removed to a distance, and after the blast and inspection of the premises by torches the electric wires were laid and lights turned on, and then the cleaners-up, such as plaintiff, came in to clean up the broken rock and other debris, break up rocks too large to be removed, lay tracks, etc.    On the day in question there had been a blast at about four A. M.    After an examination of the premises by one of defendant's superintendents plaintiff and his gang were called in to clean up.    The accident occurred about five A. M.

Plaintiff testified in substance that he was directed by the foreman to break up a large rock in which apparently a hole had been drilled; that he objected; that the foreman then extracted some dynamite from a hole in the rock, and on further objection being made

took the hammer and struck the rock, and then told plaintiff to break it. Plaintiff struck three blows, and at the third there was a loud explosion and plaintiff became unconscious. He does not know where the explosion came from.

Some evidence was offered by defendant to the contrary as to the cause and manner of the accident, but for the purposes of this motion it may be disregarded.

On plaintiff's testimony the jury might find that the injury was caused by an explosion of dynamite caused by the blow. The precise question is: Is there any evidence of defendant's negligence to submit to the jury?

The action is on the common-law liability and not under the Employers' Liability Act, so that no question as to negligence by one charged with the duty of superintendence arises.

The only allegation of negligence in the complaint is that when plaintiff struck the ledge or rock " a charge of dynamite within said rock used for blasting and *negligently and carelessly theretofore left unexploded,* all of which was known to defendant, did explode," etc.

There was no evidence as to how or by whose fault, if any, the dynamite was put in the rock or failed to explode.

If the rule of a safe place to work applies to this case, it was the master's duty to use due care to furnish a reasonably safe place, and negligence by those making the place is the negligence of the employer, and the explosion furnishes itself on the principle of *res ipsa loquitur* — some evidence of defendant's negligence in failing to supply a safe place. But if the safe place rule does not apply, then the other employees were fellow-servants of plaintiff and not engaged in performing the master's duty, and if the explosion was due to their negligence the employer is not liable. In such

a case, as the injury may be due to the negligence of a fellow-servant, the *res ipsa loquitur* rule has no application (*Scott* v. *Nauss Brothers Co.,* 141 App. Div. 255), and as there is no other evidence of defendant's negligence the motion to dismiss should be granted.

The rule as to a safe place to work is not applicable where, as here, the work consists in making the place worked in. The distinction is well established between cases where the master furnishes the place to work, the place and the work are distinct, and where the prosecution of the work itself makes the place to work and creates the danger. *Citrone* v. *O'Rourke Engineering Const. Co.,* 188 N. Y. 339; *Henry* v. *Hudson & Manhattan R. R. Co.,* 201 id. 140; *Caciatore* v. *Transit Const. Co.,* 147 App. Div. 676.

Plaintiff urges that the drillers went first, and plaintiff was only a cleaner-up who came afterwards, and as to him the safe place rule applies; but *Citrone* v. *O'Rourke Engineering Co.,* 188 N. Y. 339, is exactly to the contrary. There plaintiff was a " mucker " or cleaner-up, and the court held they and the drillers who went ahead were all engaged in the same work of making the place, although at different stages; that the safe place rule had no application, and that they were all fellow workers and within the fellow-servant rule. The court points out the distinction in the following language: " The learned counsel for the respondent relies largely upon *Kranz* v. *Long Island R. Co.* (123 N. Y. 1) as an authority for the application of the doctrine of a safe place to the case at bar, but in the *Kranz* case and the other trench cases in which that doctrine has been held applicable, the person injured had nothing to do with the preparation of the trench in which the accident occurred. It was prepared not by him, but for him long before he began to work therein and that work constituted no part of the construction

of the trench itself. (See *Schmit* v. *Gillen,* 41 App. Div. 302.) In the present case, however, the plaintiff was engaged in the removal of material the removal of which was just as essential to the construction of the trench as was the preliminary blasting." *Henry* v. *Hudson & Manhattan R. R. Co.,* 201 N. Y. 140; *Cacia-tore* v. *Transit Const. Co.,* 147 App. Div. 676, are to the same effect. This disposes of any question there may have been in such cases.

The cases cited by plaintiff (*Mahoney* v. *Cayuga Lake Cement Co.,* 208 N. Y. 164; *Mautsewich* v. *United States Gypsum Co.,* 217 id. 593; *Simone* v. *Kirk,* 173 id. 7; *Martinkovics* v. *Lehigh Coal & Navigation Co.,* 90 Misc. Rep. 185; *Andriuszis* v. *Philadelphia & Read. Coal & Iron Co.,* 156 N. Y. Supp. 260; *McCall, Admx.* v. *Witherbee,* 21 Wkly. Dig. 530; affd., 103 N. Y. 654) are not controlling. They are all cases where the safe place to work rule applies or where failure to instruct an ignorant man was the negligence alleged.

Motion granted.