## IN THE

# SUPREME COURT

## OF

# OREGON.

---

Argued June 26, modified July 23, rehearing denied October 15, 1918.

## HEWITT *v.* LINNHAVEN ORCHARD CO.

### (174 Pac. 616.)

**Corporations—Insolvency — Preferred Stock—"Stockholder"—"Creditor."**

1. Where a corporation, without statutory authority, secures the redemption of preferred stock by trust deeds on land, the holders of the stock are stockholders merely, and not creditors, and upon failure to redeem the certificates do not have a preference over general creditors.

> [As to preferred shareholder as creditor or stockholder, see note in Ann. Cas. 1917B, 558.]

**Corporations—Representations by Agent as to Stock.**

2. The statement by an agent, selling preferred stock certificates, that they were secured by mortgages and were practically bonds, would not change the rights and liabilities of the purchaser, which are measured by his stockholders' contracts.

**Corporations—Preferred Stock—Subscription Contract—Validity.**

3. An agreement that preferred stock shall have priority over the general indebtedness of the corporation is void as to subsequent creditors, being against public policy.

**Corporations—Sale of Stock—Nature of Contract.**

4. The circumstances surrounding the issue of preferred stock *held* to evidence a sale of stock, and not a borrowing transaction.

**Corporations—Mortgage—Priority.**

5. A trust deed given as a mortgage to secure redemption of preferred stock is valid as a prior lien as against claims of common stockholders.

## From Linn: WILLIAM GALLOWAY, Judge.

Department 2.

This is a suit by H. H. Hewitt, as trustee, for the purpose of foreclosing three trust deeds, given as mortgages by the defendant Linnhaven Orchard Company, as security for the redemption of certain certificates of preferred stock. The defendants and appellants Bernard Arndt, G. A. Sarles, Dora A. Sarles, Martha J. Leslie, John E. Paulson, C. H. Turner, M. J. O'Toole, Walter I. Howard, M. D. Van De Water, Alice B. Peniston, John Loretz, E. S. Nelson, Jane H. Baird and Jean Grant Spence are some of the purchasers of the tracts of land of the Linnhaven Orchard Company, who claim vendee's liens against the particular tracts described in their contracts of purchase. The defendants B. F. Raines, Charles Leonard, John Edwards and A. W. Smith claim certain liens upon the property in question by virtue of judgments rendered on account of labor performed, and merchandise sold to the defendant Orchard Company.

The trial court rendered a decree foreclosing the trust deeds as mortgages, and declared the same to be first lien for the amount of the several certificates of preferred stock, and interest thereon; that the judgments of defendants, B. F. Raines et al., composed the second class of liens, and that the appealing defendants, Bernard Arndt et al., were entitled to a subsequent lien for the amounts paid upon their respective contracts of purchase of their particular tracts.

The defendants, Bernard Arndt et al., who were purchasers of the several tracts of land embraced in plaintiff's mortgage, appeal, and claim that their liens should be first liens upon the mortgaged property.

The appellants further contended that their liens are prior to the judgment liens of defendants, B. F.

Raines et al., for the reason that their contracts are prior in date, and that said contracts were duly recorded long prior to the time when defendants B. F. Raines et al., reduced their claims to judgments.

The defendant Linnhaven Orchard Company was incorporated under the laws of the State of Oregon, in 1909, with a capital stock of $300,000,—$200,000 of which was common stock, and $100,000 was preferred stock. The par value of each share being $100. It is alleged in the complaint *inter alia* that said preferred stock was sold to various parties according to the plan adopted by the company on the following conditions:

"That said preferred stock of said company was entitled to draw an annual dividend as interest of 5 per cent out of the net profits of said company and was to be retired and redeemed before any dividend could be paid on the common stock of said company and was nonassessable.

"That said preferred stock was subject to redemption on or before five years from the date of the issuance thereof and the redemption of said preferred stock was to be secured by the conveyance of twenty acres of land to the plaintiff, H. H. Hewitt, as trustee for each block of five hundred dollars of said preferred stock, to be by him applied to the redemption of said preferred stock in accordance with the resolution adopted by said company on the first day of November, 1909.

"That the said preferred stock was not entitled to be voted at the stockholders' meetings of said company nor to participate in the profits of said company beyond its fixed preferential noncumulative annual dividend of five per cent per annum.

"Plaintiff further avers that after the organization of said company the said company purchased about twenty-five hundred acres of land, situated near Lebanon, in Linn County, Oregon, and planned the planting of an orchard thereon.

"That, on or about the fourth day of December, 1909, the said Linnhaven Orchard Company sold ten shares of said preferred stock to J. K. Haight and as evidence thereof issued to said J. K. Haight Certificate No. 72 for five shares of said stock and in said certificate that the east half of the northeast quarter of the northeast quarter of section 27, in township 11 south, range 1 west of the Willamette Meridian, in Linn County, Oregon, containing 20 acres, was conveyed to the plaintiff herein as trustee to secure the redemption of said stock in accordance with said plan of sale aforesaid."

The complaint then proceeds to make similar allegations in regard to certificates numbered 71 and 73 to 92, inclusive, giving the number of shares of stock, the name of the purchaser and the description of the particular tract by which it was secured, and alleges the execution of the three trust deeds for the purpose of securing the redemption of the certificates according to the plan of sale set forth; copies of the trust deeds being made exhibits to the complaint. That the certificates have not been redeemed except as to ten acres described in Certificate 71 of the company held by J. K. Haight.

The complaint then avers

"that said issue of preferred stock was made to evidence a borrowing transaction, wherein and whereby the said subscribers to said stock agreed to loan to the company the amounts of money represented by the par value of their respective certificates, payable on or before five years, with interest at the rate of 5 per cent per annum, and the company agreed to repay the same at the times and in the manner aforesaid, and to secure the payment thereof by trust deed to twenty acres of its said lands for each $500 so loaned to it as aforesaid; that said certificates of preferred stock above mentioned and described were issued pursuant to said agreement, and represent the

sums advanced and loaned to the company by said above mentioned preferred stockholders respectively, as aforesaid, and said trust deeds were given to the plaintiff, as aforesaid, pursuant to said agreement by way of mortgage securing to each of said preferred stockholders the repayments of the amounts represented by their respective certificates at the times and in the manner aforesaid; and that said borrowing transaction was so represented to each of said preferred stockholders at the time they purchased their respective certificates and paid for the same.''

It is shown by the record that the promoters of the corporation obtained options to purchase about 3,000 acres of land, and transferred such options to the corporation in payment for the $200,000 common stock, and same was issued as ''full-paid and nonassessable.'' One hundred thousand dollars of the common stock was returned to the treasury of the company. That the certificates of preferred stock, part of which was secured by the trust deeds, were accompanied by a like amount of common stock which was delivered to each purchaser as a bonus for purchasing the preferred stock; a commission of 10 per cent of the amount of the preferred stock being paid by the company for the sale thereof. It appears that in endeavoring to sell the preferred stock, public meetings were held, at which representations were made on behalf of the corporation to the effect that the preferred stock and the trust deed to secure it was practically a bond; that such representations were made to most of the defendants who purchased the preferred stock by the agent of the corporation in selling the same. The certificate of shares of the preferred stock contained the following clauses:

''The preferred stock represented by this certificate is entitled to an annual dividend of 5 per cent payable out of the net profits of said company and said stock

must be redeemed and retired before any dividends are payable on the common stock of the company and is nonassessable."

Also the following:

"The preferred stock is subject to redemption on or before five years from the date thereof, and the redemption of the preferred stock represented in this certificate is secured by tracts, here follows the number and description of the respective tract,"

and had an indorsement on the back thereof, signed by the trustee to the effect that the certificate is secured by deed of trust, giving the date of the deed, and the volume and page of county records where the same is recorded.

The defendants, Bernard Arndt et al., whom we shall designate as the purchasing defendants, made answer and counterclaim detailing circumstances of the sale of the several tracts asserting that for the purpose of selling the tracts, the defendant Linnhaven Orchard Company made certain false and fraudulent representations, which they relied upon to their injury, and that each of said defendants for himself entered into a contract for the purchase of tracts, "for the prices herein set forth:

| Name. | Tract No. | Contract Date of. | Price Purchase. | Paid Amt. |
|-------|-----------|-------------------|-----------------|-----------|
| Bernard Arndt | 194 | May 5, 1911 | $2833.00 | $1200.00 |
| G. A. Sarles | 195 | Aug. 24, 1910 | 3600.00 | 1410.00 |
| Dora A. Sarles | 196 | Jan. 27, 1912 | 3600.00 | 1200.00 |
| Martha J. Leslie | 197 | Mar. 31, 1911 | 3600.00 | 1800.00 |
| John E. Paulson | 200 | Mar. 30, 1911 | 3600.00 | 1200.00 |
| C. H. Turner | 201 | Nov. 1, 1911 | 4200.00 | 1800.00 |
| M. J. O'Toole | 140 | Aug. 24, 1910 | 4200.00 | 1800.00 |
| Walter I. Howard | 203 | Jan. 19, 1911 | 3600.00 | 1800.00 |
| M. D. Van De Water | 204 | Oct. 25, 1910 | 3600.00 | 1800.00 |
| Alice B. Peniston | A–92–93 | Feb. 18, 1913 | 2100.00 | 300.00 |
| John Loretz | 93½ | Nov. 12, 1912 | 2100.00 | 600.00 |
| E. S. Nelson Jane Baird. | ½ of 92–93 | Sep. 1, 1911 | 2400.00 | 600.00 |
| Jean Grant Spence | 141 | Jan. 28, 1913 | 4200.00 | 1200.00" |

That on account of the failure of the Orchard Company to comply with the terms of the contracts, and its inability to convey a good title, each of said defendants refused to make further payments upon his or her contract, and has rescinded the same and also allege as follows:

"That the liens of the defendants herein mentioned as to the particular tracts upon which said liens exist, are prior to the lien and claim of plaintiff herein, said lien and claim of each of said defendants being as of the date of the contract of said defendants as herein set forth and alleged."

The defendants and respondents claiming judgment liens by their answers set forth the same judgment liens as in the case of *First Savings Bank of Albany, Oregon,* v. *Linnhaven Orchard Company,* in which an opinion by this court has this day been rendered, to which reference is hereby made.    MODIFIED.

For appellants there was a brief over the names of *Mr. John McCourt, Mr. Samuel M. Endicott* and *Mr. Walter C. Winslow,* with an oral argument by *Mr. McCourt.*

For plaintiff-respondent there was a brief and an oral argument by *Mr. C. E. Sox.*

For defendants-respondents there was a brief over the name of *Messrs. Weatherford & Weatherford,* with an oral argument by *Mr. James K. Weatherford.*

BEAN, J.—1. The question for determination is as to the priority of the claims and liens of the respective parties. In addition to the contention made on behalf of the appealing defendants in the case of *First Savings Bank* v. *Linnhaven Orchard Co.,* 89 Or. 354 (174

Pac. 614), these defendants challenge the right of the preferred stockholders to obtain security by virtue of the trust deeds given as mortgages to secure the redemption of their certificates of stock, to the exclusion of the general creditors of the corporation.

The statutes of some of the states authorize corporations to dispose of preferred stock to a certain amount, upon certain conditions and guarantee holders of such stock dividends, and to secure the redemption of the same. Article XI, Section 3, of our Constitution provides that the stockholders of all corporations shall be liable for the indebtedness of the corporation to the amount of their stock, subscribed and unpaid. The general rule is that a preferred stockholder possesses all the rights, and is subject to the general liabilities of ordinary stockholders. The rights of preferred stockholders, like those of common stockholders, depend upon their contract with the corporation: 7 R. C. L., § 170, p. 200; *Heller* v. *National Marine Bank,* 89 Md. 602 (43 Atl. 800, 73 Am. St. Rep. 212, note page 231, 45 L. R. A. 438).

Preferred stockholders, as well as common, in a certain sense are creditors. It is in the sense that a corporation includes all its capital stock among its liabilities, but it is a liability which is postponed to every other liability. As such a creditor, a stockholder is subordinate to every other creditor of the corporation. In the ordinary sense, a stockholder cannot be a creditor of the corporation by virtue of his ownership of stock: *Belfast & M. L. R. Co.* v. *Belfast,* 77 Me. 445 (1 Atl. 362). It has frequently been attempted to issue stock which shall at once prefer its owners to the holders of common stock, and protect them against any subsequent indebtedness of the corporation by giving their claims priority over subse-

quent creditors.   These attempts have usually proved futile.   As a matter of public policy, a stockholder cannot claim an interest in the property of a corporation paramount to the rights of creditors, whatever rights he might have in relation to his fellow-stockholders.   A corporation cannot in the absence of statutory authority make its preferred stock a lien upon its property as against general creditors: 7 R. C. L., § 171, p. 201; 2 Clark & Marshall on Corporations, p. 1313.

A preferred stockholder is either a stockholder or a creditor.   He cannot by virtue of the same certificate be both; he does not sustain a dual relation to the corporation.   A stockholder takes a risk in the concerns of the company not only as to dividends and a proportion of assets on the dissolution of the company, but as to the statutory liability for debts in case the corporation becomes insolvent.   A creditor takes no interest in the company's affairs; is not concerned in its property or profits as such: 4 Thompson on Corporations (2 ed.), § 3607, p. 186.

2. The fact that the agent of the defendant corporation, making the sales of the preferred stock in question, stated to the purchasers thereof, or to the public, that the certificates of the stock were secured by mortgage, and were "practically a bond" would not change the obligation of the contract.

Such mortgages are referred to in 1 Cook on Stock and Stockholders and Corporation Law (3 ed.), Section 271, page 370, in the following language:

"Occasionally, however, a mortgage is given by the corporation to secure the payment of dividends on preferred stock and to give it a preference in payment over subsequent debts of the corporation upon insolvency or dissolution.   It is difficult to see how such a mortgage would be legal except where it is issued

under express statutory authority. It is difficult to see how stockholders can contrive legally to obtain a preference over corporate creditors secured or unsecured, as they would do by such a mortgage.''

3. An agreement to secure preferred stockholders so that their claims will be prior to the general indebtedness of the corporation is against public policy and void as to subsequent creditors of said corporation: *Hamlin* v. *Toledo, St. L. & K. C. R. Co.,* 78 Fed. 664 (37 C. C. A. 587, 36 L. R. A. 826); *Miller* v. *Ratterman,* 47 Ohio St. 141 (24 N. E. 496); *Heller* v. *National Marine Bank,* 89 Md. 602 (43 Atl. 800, 73 Am. St. Rep. 212, note at page 228, 45 L. R. A. 438); *Lloyd* v. *Pennsylvania Electric Vehicle Co.,* 75 N. J. Eq. 263 (72 Atl. 16, 138 Am. St. Rep. 557, 20 Ann. Cas. 122, note, 21 L. R. A. (N. S.) 228); note to *Field* v. *Lamson & Goodnow Mfg. Co.,* 167 Mass. 388 (38 N. E. 1126, 27 L. R. A. 136).

A person holding interest-bearing stock, payable out of the profits of a concern, is a stockholder, and not a creditor: Elliott on Railroads, § 86; *Heller* v. *National Marine Bank,* 89 Md. 602 (43 Atl. 800, 73 Am. St. Rep. 212, note at page 220, 45 L. R. A. 438).

In *Heller* v. *National Marine Bank,* 89 Md. 602 (43 Atl. 800, 73 Am. St. Rep. 212, 45 L. R. A. 438), one of the principal cases upon which plaintiff relied, it was held that the holder of preferred stock, so called, was entitled to a preference as to capital over subsequent mortgages and other encumbrances, where the statute under which the ''preferred stock'' was issued expressly declared that it should be and constitute a lien on the franchise and property of the corporation, and have priority over any subsequent mortgages or other encumbrances: See note to *Lloyd* v. *Pennsylvania Electric Vehicle Co.,* 75 N. J. Eq. 263 (72 Atl.

16, 138 Am. St. Rep. 557, 20 Ann. Cas. 122, 21 L. R. A. (N. S.), at p. 230).

4. In the present case, the record discloses that the $200,000 of common stock was considered fully paid up by the transfer to the corporation of options to purchase about 3,000 acres of land. So that the capital of the company was principally realized by the sale of preferred stock. The provision in the certificate that the preferred stock was not entitled to vote nor participate in profits beyond its preferential dividends of 5 per cent per annum, was practically neutralized by the transfer as a bonus of an equal number or shares of common stock to each purchaser of preferred stock. All of such purchasers were interested in the affairs of the company, and were affected by its success or failure. The preferred stock was offered for sale upon the market and plaintiff alleges in his complaint that it was sold to the several persons. The agent of the company was allowed 10 per cent for making the sale. The averment of plaintiff, of the conclusion that the ''issue of preferred stock was made to evidence a borrowing transaction'' under the law in this state, and the facts of this case, is not borne out. We think the transaction was a sale of shares of stock, and not a loan to the corporation.

The creditors of the corporation should first be provided for before the holder of preferred stock in the corporation would have the right to have the company return to him his money with interest, when the corporation is unable to pay all its debts. The various suits involving the affairs of the Linnhaven Orchard Company illustrate its condition. The manager of the corporation stated that in 1914 the mortgage indebtedness of the company was $52,361, and the floating indebtedness $10,444. The company is insolvent.

We find no authority contrary to this holding except where preferred stockholders are by special statutes given a right to a lien upon the property of the company. The purchasing defendants were residents of eastern States, and had no actual knowledge of the status of the corporation at the time they made their purchases and payments.

As to the defendants, B. F. Raines et al., who claim judgment liens, we see no reason for any further discussion than that in the case of *First Savings Bank* v. *Linnhaven Orchard Co., supra.*

5. As against the holders of the common stock of the company, we hold that the trust deeds are valid as mortgages, but the lien of plaintiff by virtue thereof must be postponed to the claims of the defendants against the defendant company.

The decree of the lower court will be modified so as to declare the purchasing defendants, Bernard Arndt et al., each to have a lien upon the respective tract purchased by him or her, and that such liens are superior in right to plaintiff's mortgages; that such purchasing defendants are entitled to have their claims satisfied from the proceeds of the sale of said land next after the satisfaction of the judgment liens of defendants, B. F. Raines et al., and before the payment of plaintiff's mortgages.

MODIFIED.   REHEARING DENIED.

McBRIDE, C. J., BENSON and JOHNS, JJ., concur.