■ WALTER WHISPELL, Appellant, v. EDWARD MILLMAN et al., Respondents.— Appeal from a judgment of the Supreme Court, Ulster County, dismissing the complaint at the close of appellant's case. Appellant was injured on September 9, 1957 when in the process of removing two trees which had been uprooted and damaged by a storm, he loosened a limb from one of the trees with an ax causing the second tree to fall against his left leg. It is conceded that appellant was experienced and familiar with this type of work, that he provided his own tools and that he proceeded to work not only without any instruction by respondent as to how to undertake the task but also without notice to respondent that he was commencing work. Appellant predicates recovery on section 2 of the Employers' Liability Law which imposes liability on the employer for injuries which occur by reason of defects on the working premises resulting from the negligence of the employer or his agents. The court below dismissed the complaint on the ground that appellant's evidence did not raise a triable issue of fact as to respondents' failure to provide appellant with a safe place to work since the "doing of the work itself made the place of the work" citing *Caciatore* v. *Transit Constr. Co.* (147 App. Div. 676). Appellant urges that *Caciatore* is factually distinguishable from the present case and that in any event changes in social concepts since *Caciatore* was decided in 1911 require a review of its present-day applicability. Without commenting directly on these contentions it is sufficient to point out that section 2 imposes liability on the employer only where he has been negligent in failing to provide a safe place to work and such failure has led to the injury sustained. In this respect the

Employers' Liability Law differs from the Workmen's Compensation Law where the right to compensation is based not on fault on the part of the employer but on whether the accident and disability arose out of and in the course of the employment relationship (*Matter of Avis* v. *Electrolux Corp.*, 2 A D 2d 717). We find no evidence in the present record upon which a jury could find that the place of work was rendered unsafe to appellant by any act or failure to act on the part of respondents. Admittedly the work here involved was dangerous, but it cannot be argued that under section 2 the employer is obligated to remove all dangers inherent in the employment. His duty is only that of reasonable care. There is no evidence that respondents were aware of any latent danger about which they should have informed appellant. Instead the record clearly indicates that appellant was experienced in this line of work and thus presumably aware of the dangers involved. The evidence also indicates that the tree did not fall on appellant until he loosened the limb with his ax. Admittedly, since the issue was not properly raised, contributory negligence on appellant's part would not be a bar to his recovery here. Nevertheless it is still incumbent on appellant to show, under our view of section 2, that his injuries occurred as a result of the breach of duty imposed on the employer by the statute. Judgment unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ.